*1190 OPINION OF THE COURT
Michael C. Lynch, J.
In this CPLR article 78 proceeding, petitioner, Signature Health Center, LLC, which operates a diagnostic and treatment center, has challenged the respondent Comptroller’s authority to conduct a postpayment audit of payments received under the State’s Medicaid program. Petitioner’s basic thesis is that the Comptroller lacks either constitutional or statutory authority to conduct a postpayment audit, and thus petitioner is prohibited under the Health Insurance Portability and Accountability Act of 1996 (HIPAA) from allowing the Comptroller access to confidential patient records. Accordingly, petitioner seeks judgment prohibiting the Comptroller from pursuing the audit and quashing subpoenas issued by the Comptroller for records concerning Medicaid payments received by petitioner for the period January 1, 2000 through March 31, 2006. Petitioner further seeks to compel the Comptroller to release any hold on claims already approved for payment by the Department of Health.
Preliminarily, respondent Comptroller maintains that neither prohibition nor mandamus are available remedies in this dispute. Prohibition is an extraordinary remedy that “does not lie against strictly administrative action, but only against judicial and quasi-judicial action” (Siegel, NY Prac § 559, at 962 [4th ed]). The focus is on an official’s lack of jurisdiction to act. In performing its audit function, the Comptroller admittedly acts in a quasi-judicial capacity (City of New York v State of New York, 40 NY2d 659, 667 [1976]). The Comptroller is subject to mandamus only to the extent of compelling him to perform his audit responsibilities but not to compel any particular outcome (id.). In essence, petitioner seeks a declaration as to the scope of the Comptroller’s authority, with an express request for declaratory relief under CPLR 3017 (see verified petition ¶ 41). To avoid any debate as to the viability of an article 78 proceeding as the proper vehicle in which to settle this dispute, the court will convert this proceeding into a declaratory judgment action and address the merits of the claim (CPLR 103 [c]; see Siegel, NY Prac § 563 [4th ed]).
As a provider of services through the Medicaid program, petitioner acknowledges that its financial and patient records are subject to postpayment audit by the state agencies authorized under state law to conduct such audits. Petitioner correctly recognizes that the State Department of Health (DOH) is *1191 statutorily designated as the “single state agency to supervise the administration of the [Medicaid] plan in this state” (Social Services Law § 363-a [1]). The implementing regulations specifically authorize the State Department of Social Services, the Deputy Attorney General of Medicaid Fraud Control and the DOH to conduct postpayment audits of Medicaid providers (18 NYCRR 504.3 [a], [g]). Notably, petitioner represents that the DOH is presently conducting a postpayment audit and that petitioner is cooperating with DOH accordingly. Due to HIPAA mandates, however, petitioner has balked at complying with the Comptroller’s audit demand.
The Comptroller is the State’s chief fiscal officer, charged with “the unique, fundamental duty to superintend the fiscal concerns of the State” (Matter of McCall v Barrios-Paoli, 93 NY2d 99, 104 [1999]). Article V, § 1 of the New York Constitution defines the Comptroller’s core authority, in pertinent part, as follows: “The comptroller shall be required: (1) to audit all vouchers before payment and all official accounts; (2) to audit the accrual and collection of all revenues and receipts; and (3) to prescribe such methods of accounting as are necessary for the performance of the foregoing duties.” Reading this provision literally, petitioner asserts that the Comptroller’s authority to audit vouchers, including Medicaid claims, may only be exercised “before payment.” Correspondingly, petitioner cites to State Finance Law § 8 (2), (7) which authorizes the Comptroller to audit vouchers “before issuing his warrant for the payment thereof.” Similarly, State Finance Law § 111 prohibits the payment of state funds “except upon audit by the comptroller.” With this constitutional and statutory structure precluding the payment of state funds prior to audit, petitioner concludes that the Comptroller lacks authority to conduct a postpayment audit of payments issued to Medicaid providers. The court disagrees.
There is no dispute in this case that the payment of Medicaid funds falls within the scope of the Comptroller’s audit authority. Social Services Law § 363-a which, as noted above, designates DOH as the lead state agency authorized to supervise the Medicaid program in New York, expressly provides for payment of Medicaid funds “on audit and warrant of the comptroller on vouchers of or certification by the department of health” (Social Services Law § 363-a [4]).
Relying on the “before payment” language of the Constitution, and corresponding statutory provisions reviewed above, petitioner centers this controversy on the timing of the audit, *1192 with actual payment as the asserted dividing line. A temporal argument, however, fails to embrace the nature of the audit process and the magnitude of the Medicaid program. Importantly, the Constitution also authorizes the Comptroller “to prescribe such methods of accounting as are necessary for the performance of the [audit] duties” (NY Const, art V, § 1). The Comptroller’s responding papers explain that “Medicaid adjudicates almost 1 million claims per day, prior to payment, on behalf of more than 4 million recipients. There are more than 80,000 providers enrolled in Medicaid” (affidavit of Kenneth Shulman dated Apr. 27, 2006 ¶ 11). As a practical matter, it would be implausible to expect the Comptroller to literally review “all vouchers” prior to payment and the court agrees with the State Attorney General’s opinion that the “all vouchers” requirement is satisfied by an audit consistent with generally accepted accounting principles (see 1981 Ops Atty Gen 35). That same practicality should apply here in addressing the Comptroller’s recognized audit authority “before payment.” As explained in the Shulman affidavit, the State utilizes a new computer system (eMedNY) that allows for Medicaid claims to be submitted and reviewed electronically by computer edits performed by the State’s Medicaid fiscal agent, Computer Services Corporation. The Comptroller follows with a prepayment audit that includes additional “computer edits or other audit criteria” (see Shulman affidavit ¶ 10). After payment, the Comptroller conducts a further review using various methodologies that, for example, can identify duplication of payments under Medicare/Medicaid and patterns of potential billing abuses that might not be identified examining an individual claim during the prepayment audit (see Shulman affidavit ¶¶ 17, 18).
Pertinent here, the Comptroller has identified billing trends by petitioner indicating a concern that a more thorough post-audit review is in order. Specifically, the auditors have identified “a substantial increase in the number of procedures per patient, per year billed for the period 2003 through 2005. Additionally, the auditors found certain hillings . . . where the billing rates had increased substantially during that same period” (see Shulman affidavit ¶ 29).
In context, the court finds that the performance of postpayment audits falls within the Comptroller’s constitutional and statutory audit authority and responsibilities. Measured against the magnitude of the Medicaid program, this is a reasoned ap *1193 plication of the Comptroller’s constitutional authority to prescribe the accounting methods necessary to perform his audit function. It follows that the Comptroller qualifies as a “health oversight agency” for purposes of HIPAA, entitled to access petitioner’s patient records (45 CFR 164.501, 164.502 [a] [1] [ii]; 164.506 [c]; 164.512 [d]).
Accordingly, the court hereby converts this proceeding into a declaratory judgment action pursuant to CPLR 103 (c) and grants judgment to the extent of declaring that the Comptroller is authorized to conduct a postpayment audit of Medicaid funds issued to health care service providers, including petitioner, and the petition is otherwise denied, all without costs.