[752 NYS2d 277]

In the Matter of 27TH STREET BLOCK ASSOCIATION et al., Appellants, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK et al., Respondents.

First Department, December 3, 2002

**APPEARANCES OF COUNSEL**

*Charles Palella* of counsel (*Phyllis Weisberg* and *Emily Simons* on the brief; *Kurzman Karelsen & Frank, LLP*, attorneys), for appellants.

*Philip E. Karmel* of counsel (*Robert S. Davis* and *Margery Perlmutter* on the brief; *Bryan Cave LLP,* attorneys), for Dormitory Authority of the State of New York, respondent.

*Kristin M. Helmers* of counsel (*Leonard Koerner* and *Gail C. Saunders* on the brief; *Michael A. Cardozo, Corporation Counsel* of New York City, attorney), for New York City Department of Transportation, respondent.

**OPINION OF THE COURT**

SULLIVAN, J.

Petitioners, consisting of a community organization, individual residents and commercial establishments located on West 27th Street between 7th and 8th Avenues in Manhattan adjacent to the Fashion Institute of Technology (FIT), a community college of the State University of New York system, appeal from the dismissal of their CPLR article 78 petition on the ground of failure to join a necessary party, FIT, and the denial of their cross motion to amend the petition to add FIT as a party respondent.

Petitioners bring this proceeding to challenge the determinations, i.e., negative declarations, of two governmental agencies, the Dormitory Authority of the State of New York (DASNY) and the New York City Department of Transportation (DOT), the respondents herein, issued pursuant to the New York State Environmental Quality Review Act (SEQRA) and New York City Environmental Quality Review (CEQR) procedures in connection with the "New Additions, Streetscape, Renovation and Refunding Project," a capital improvement project at the FIT

campus.* Petitioners allege that the negative declaration issued by DASNY for the proposed project is in violation of SEQRA and that the negative declaration issued by DOT with respect to a part of the proposed project, i.e., FIT's proposed designation of the eastern portion of West 27th Street between 7th and 8th Avenues as a "restricted use street," closed to vehicular traffic, and the western portion as a two-way street ending in a cul-de-sac (the Streetscape Project), is in violation of CEQR procedures and the uniform land use review procedure (ULURP) of New York City Charter § 197-c. Petitioners also sought, in the alternative, to prohibit DOT's designation of the eastern portion of West 27th Street between 7th and 8th Avenues as a restricted use street on the ground that such designation could be accomplished only by the City Planning Commission pursuant to ULURP.

DASNY, a public benefit corporation, which is financing 75% of the project, was designated as the lead agency and charged with conducting a coordinated environmental review of the Streetscape Project pursuant to SEQRA, and DOT, a department of New York City which assumed involved agency status, was charged with conducting a coordinated CEQR review to fulfill the State and City's obligations under SEQRA and CEQR. Petitioners claim that DASNY and DOT issued the SEQRA and CEQR negative declarations without performing the full review required by SEQRA and CEQR.

West 27th Street between 7th and 8th Avenues is currently a one-way street, westbound, with vehicular traffic, except for those vehicles with a destination on the block, restricted between the hours of 7:00 A.M. and 7:00 P.M. weekdays and entry regulated by a gatekeeper. The Streetscape Project is, as noted, part of a larger capital improvement project being financed by DASNY on the FIT campus that includes the renovation of current facilities and the construction of two 23,000-square-foot buildings within FIT's west and east courtyards. Significantly, the cost of the Streetscape portion of the project represented only about 6% of DASNY's total financing.

FIT sought DOT's approval to designate approximately two thirds of the eastern portion of West 27th Street as a restricted

---

* SEQRA requires all state and local governmental agencies to determine whether the actions they directly undertake, fund or approve may have a significant impact on the environment (6 NYCRR 617.1). CEQR, which implements SEQRA in the City of New York, requires City agencies to assess the environmental consequences of their decisions to fund, approve or directly undertake an action (*see Akpan v Koch*, 75 NY2d 561, 567; 62 RCNY 5-01 *et seq.*)

use street and, in order to facilitate access to the area, to convert the western portion into a two-way street terminating in a cul-de-sac. Under Rules of the City of New York, title 34, § 4-12 (r) (4), a restricted use street "is a legally mapped street to be permanently closed to motor vehicles by the [DOT] * * * and open to use by pedestrians." While pedestrian access to the street would be unrestricted, vehicular access to the restricted use portion would be limited to emergency vehicles. As part of the Streetscape Project, FIT proposes, among other things, to create a park-like landscaped pedestrian mall open to the public. DASNY is financing its share of the cost of the project through the issuance of tax exempt bonds. FIT is making an equity contribution to pay for the remaining 25% of the project's cost. The total capital cost of the improvement is $19,430,105, of which $1,555,761 is allocated to the Streetscape Project.

On May 19, 2000, FIT, as the "project sponsor" under SEQRA regulations (see 6 NYCRR 617.2 [ad]), submitted the informational component of the SEQRA environmental assessment form (EAF) to DASNY, as required by section 617.6 (a). The EAF included a narrative description of the capital improvement projects, maps and architectural schematics, a traffic study prepared by retained consultants, Eng-Wong, Taub & Associates, and a zoning map of the area. DASNY then circulated letters to other involved agencies, including DOT and FIT, advising that it proposed to designate itself as lead agency (see 6 NYCRR 617.6 (b) (3) [i]). Since no agency objected to the designation, DASNY conducted a "coordinated review" of the project pursuant to section 617.6 (b) (3) (ii) and (iii) of the regulations. On June 27, 2000, DASNY, as lead agency, issued a negative declaration—notice of determination of nonsignificance, thereby ending the SEQRA review process (6 NYCRR 617.6 [b] [3] [ii], [iii]; 617.7 [a] [2]) as to the environmental aspects of the project. Accordingly, preparation of a draft environmental impact statement (EIS) was not required.

DOT, as part of the CEQR process, reviewed the EAF submitted to DASNY and prepared an environmental assessment statement describing the City's action regarding the proposed project. DOT concurred with the DASNY negative declaration, as well as with the environmental assessment and determinations included in the DASNY EAF and, on June 29, 2000, issued its own notice of negative declaration stating that, based on environmental assessments and supporting documentation, it had determined that the proposed project would have no

foreseeable significant adverse effects on the environment and therefore preparation of an EIS was not required.

Petitioners commenced this proceeding against DASNY and DOT a few days before the expiration of the four-month statute of limitations applicable to article 78 proceedings, claiming that the proposed Streetscape plan would turn the western end of West 27th Street into a problem area, creating safety and environmental hazards where none currently exist. They also claimed that the proposed midblock turnaround would be inadequate and pose a danger to pedestrians and to the safety of the surrounding community. In that regard, petitioners argue that in a document prepared by FIT, it tacitly concedes the existence of those problems by claiming it would provide personnel to escort fuel oil delivery trucks and other large vehicles through the street. Petitioners also contended that the conversion of a narrow, 34-foot-wide street in the heart of Manhattan into a two-way street would increase traffic and create noise and pollution on West 27th Street as well as in the surrounding community, and would inhibit the ability of the resident commercial enterprises to operate, thereby jeopardizing the successful mixed use nature of the community. Petitioners argued that these issues were not adequately addressed by the environmental reviews undertaken by respondents and, in fact, in some instances, not addressed at all. They seek to annul DASNY and DOT's negative declarations as arbitrary and capricious and, alleging that DOT lacks the authority to close a portion of West 27th Street to nonemergency vehicles, seek an injunction prohibiting DOT from approving the Streetscape Project.

In lieu of answering, DASNY and DOT moved separately to dismiss the petition pursuant to CPLR 7804 (f), 3211 (a) (10) and 1001 (a) for failure to join FIT as a respondent. Although not conceding that FIT was a necessary party, petitioners cross-moved pursuant to CPLR 1003 to amend the petition to add FIT as a party respondent, arguing that, while ordinarily the statute of limitations would have expired, under the "united in interest" doctrine their claims against FIT were timely since they "relate back" to the commencement of the proceeding. The motion court, finding that FIT was a necessary party because if the SEQRA and CEQR negative declarations were annulled, FIT's interest "would be adversely and inequitably affected, without the benefit of notice and an opportunity to be heard," dismissed the petition for failure to join FIT as a respondent prior to the expiration of the statute of limitations. The court

rejected petitioners' argument that their claim against FIT should relate back and thus toll the statute of limitations, on the ground that FIT and respondents DASNY and DOT are united in interest. The court found that DASNY, DOT and FIT are distinct entities with different interests in the proceeding, and that neither of the governmental agencies shared FIT's interest in protecting its long-term plans for growth and development. Petitioners appeal from the dismissal of the petition and the denial of their cross motion to amend. We modify to reinstate the petition.

At the outset, we note that the joinder provisions of CPLR 1001 (a) apply to article 78 proceedings (*Matter of Ayres v New York State Commr. of Taxation & Fin.*, 252 AD2d 808, 810). Under CPLR 1001 (a), necessary parties to an action or proceeding fall into two distinct categories: persons "who ought to be parties if complete relief is to be accorded between the persons who are parties to the action," or "who might be inequitably affected by a judgment in the action." These compulsory joinder provisions are intended "not merely to provide a procedural convenience but to implement a requisite of due process—the opportunity to be heard before one's rights or interests are adversely affected." (*Matter of Martin v Ronan*, 47 NY2d 486, 490.) Neither DASNY nor DOT relies on the first stated ground for determining whether a person is a necessary party, i.e., that FIT ought to be a party to accord full relief in this proceeding.

With respect to the second prong of CPLR 1001 (a)'s test, it is well settled that " '[t]he possibility that a judgment rendered without [the omitted party] could have an adverse practical effect [on that party] is enough to indicate joinder.' " (*Hitchcock v Boyack*, 256 AD2d 842, 844, quoting Siegel, NY Prac § 132, at 199 [2d ed].) While petitioners argue that FIT cannot be inequitably affected by a judgment in this proceeding because it does not have a vested right to develop the Streetscape plan, it should be noted that CPLR 1001 does not speak of vested rights or interests (*see Matter of Cassidy v New York City Dept. of Correction*, 95 AD2d 733).

As the sponsor, applicant and principal beneficiary of the Streetscape Project, FIT, irrespective of whether it holds title to West 27th Street, clearly has an important interest in whether the project comes to fruition. Recognizing this, petitioners, before commencing this proceeding, repeatedly communicated with FIT in an attempt to persuade it to abandon or modify the project. Because of its interest, FIT, as

the "project sponsor" under SEQRA regulations, prepared the EAF and a traffic analysis, which is challenged in this proceeding. Nor, as petitioners contend, is the relief they seek so limited that FIT would not be adversely affected by any judgment they obtain. Their petition seeks a judgment "prohibiting the designation by DOT of the eastern portion of West 27th Street between 7th and 8th Avenues as a Restricted Use Street and the establishment of a turnaround and two-way street on the western portion of West 27th Street between 7th and 8th Avenues," in effect a prohibition against DOT's approval of FIT's Streetscape plan. Since DOT's approval is required for the plan to go forward, FIT would be adversely affected by the prohibition sought.

Petitioners also seek to nullify DASNY's negative declaration, alleging that the Streetscape plan will "result in major adverse safety and traffic impacts" and "traffic congestion, increased noise and air pollution" and will "adversely affect human safety and neighborhood character." They argue that the plan requires more "analysis of Safety Impacts." Nullification of the negative declaration on these grounds would require FIT, as the project sponsor, to hire consultants to conduct supplemental studies on these issues under SEQRA and, in all likelihood, prepare and pay for a draft EIS for a second determination of significance for the project (see 6 NYCRR 617.6 [b] [3] [i]; 617.9 [a] [1]).

Thus, given the flexible nature of the "inequitably affected" test and FIT's central role as sponsor of the project and applicant in obtaining the necessary approvals and the effort and expense undertaken to obtain them, it is a necessary party to this proceeding under CPLR 1001 (a).

Since petitioners did not move to join FIT as a party respondent until after the statute of limitations had expired and, as is hereinafter discussed, there is no merit to their argument that the filing of their claims against DASNY and DOT tolled the statute of limitations, FIT cannot be joined in this proceeding. This circumstance does not, however, necessarily require dismissal of the proceeding since CPLR 1001 (b) provides that when a person who should be joined cannot because "jurisdiction over him can be obtained only by his consent or appearance, the court, when justice requires, may allow the action to proceed without his being made a party."

CPLR 1001 (b) lists five factors for the court's consideration in determining whether justice requires an action to proceed in the absence of a necessary party: whether the plaintiff has an-

other effective remedy if the action were to be dismissed for nonjoinder (CPLR 1001 [b] [1]); the prejudice that may accrue from nonjoinder to the defendant or to the person not joined (CPLR 1001 [b] [2]); whether and by whom prejudice might have been avoided or may in the future be avoided (CPLR 1001 [b] [3]); the feasibility of a protective provision by order of the court or in the judgment (CPLR 1001 [b] [4]); whether an effective judgment may be rendered in the absence of the person who is not joined (CPLR 1001 [b] [5]). After considering these factors, the motion court found that dismissal was required. We believe the court erred in weighing the factors and that the proceeding should continue with leave to FIT, if it be so advised, to intervene.

Respondents argue that, despite the dismissal of the proceeding, petitioners have an alternative remedy. Since FIT has yet to obtain DOT's approval of the restricted use street request, they argue, petitioners will have the opportunity to challenge that approval if and when DOT grants it. As petitioners point out, however, that approval concerns only road usage and compliance with ULURP. Thus, that proceeding will not provide a forum for their challenge to the environmental reviews conducted under SEQRA and CEQR, which are of significant importance both to petitioners and the general public. Therefore, petitioners are not afforded an adequate alternative remedy.

Respondents argue that FIT, which has a significant interest in the approvals that have been granted, will be materially prejudiced if the proceeding were to continue without it. It stands to gain millions of dollars in funding and it has already invested substantial time, effort and money in the project's development. Petitioners contend that FIT will not be prejudiced by the nonjoinder because it is united in interest with DASNY and DOT, which will adequately represent its interests as to the issues presented by this article 78 proceeding. While, as will be discussed hereinafter, FIT and respondents are not united in interest, it cannot be gainsaid that, to a large extent, their interests as to the issues presented by this proceeding, i.e., the validity of the negative declarations and the respondent agencies' compliance with state and local laws, do coincide. Thus, the potential harm to FIT's rights as a result of the dismissal is minimal compared to the harm to petitioners. And, while we recognize that the delay to the project inherent in the pendency and resolution of this proceeding is not an inconsiderable burden, FIT, without DOT approval to the

change in street usage, cannot move the project forward. Even if obtained, that approval is subject to challenge by petitioners. Thus, the delay of allowing this proceeding to run its course to a resolution will not materially add to the delay.

As to whether prejudice might have been avoided (*see* CPLR 1001 [b] [3]), as respondents correctly point out, petitioners knew of FIT's central role as sponsor of the project in obtaining the approvals and, notwithstanding, failed to join it as a party in the first instance. Thus, they bear the responsibility for any prejudice that might result if the case were to proceed without joinder. Nevertheless, FIT, obviously aware of the proceeding, could have avoided any prejudice by seeking intervention, although not required to do so. Pursuant to CPLR 7802 (d), the court has the authority to permit FIT to intervene, thereby avoiding any prejudice to it. Given the limited focus of petitioners' article 78 challenge and the fact that no relief is being sought directly against FIT, such a provision also disposes of the factor listed in CPLR 1001 (b) (4) dealing with the feasibility of a court-ordered protective provision.

As to the factor listed in CPLR 1001 (b) (5), whether an effective judgment may be rendered in the absence of the person not joined, respondents argue that the relief sought will require new studies to be conducted by FIT, the joinder of which is indispensable if such relief is to be granted, since DASNY cannot compel such studies. This argument does not withstand scrutiny. The relief sought is a remand for further consideration of the negative declaration, a process to which only respondents can respond, regardless of FIT's presence or absence in the proceeding as a party. As in *Matter of Greaney v Poston* (50 AD2d 653), the factors justifying the continuance of the proceeding in the absence of a necessary party weigh in favor of petitioners and the motion court erred in failing to allow the proceeding to go forward.

As previously noted, there is no merit to petitioners' argument that leave to amend to join FIT should have been granted as the claims asserted in their proposed amended petition relate back to the date of service of the original petition since FIT is united in interest with respondents (CPLR 203 [b]). The test for determining whether a claim asserted against a new party relates back to the date upon which the claim was interposed against the original named defendants is set forth in *Buran v Coupal* (87 NY2d 173) and requires that (1) both claims arise out of the same conduct, transaction or occurrence, (2) the party to be joined is united in interest with the

original named defendant (s) and, by reason of that relationship, can be charged with notice of the commencement of the action so that the party to be joined will not be prejudiced in maintaining his or her defense due to the delay and (3) the party to be joined knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against him or her as well (*id.* at 178). There is a caveat to the third element: "When a plaintiff intentionally decides not to assert a claim against a party * * *, there has been no mistake and the plaintiff should not be given a second opportunity to assert that claim after the limitations period has expired" (*id.* at 181). Petitioners cannot satisfy the second and third demands of the relation-back test.

FIT and DASNY/DOT are not united in interest. They are not juridically related so as to make each a stand-in for the other. In no sense are they alter egos of each other. Petitioners argue that, notwithstanding, they are united in interest because they are "so inseparably intertwined that the presumption is warranted that they will both be desirous of reaching the same result" (*Prudential Ins. Co. v Stone*, 270 NY 154, 161). Even if this were so, parties whose arguments on the merits "stand or fall together" are united in interest only if a "judgment against one will similarly affect the other" (*id.* at 159). Since an adverse judgment would affect them differently, a project sponsor and a governmental agency that approves its proposed development are not united in interest (*see Matter of New York City Audubon Socy. v New York State Dept. of Envtl. Conservation*, 262 AD2d 324; *Matter of Artrip v Incorporated Vil. of Piermont*, 267 AD2d 457).

An adverse judgment in this proceeding would affect FIT and DASNY/DOT differently. While such a determination would prevent FIT from proceeding with the Streetscape Project and thus force it to forgo an important improvement, DOT has no proprietary interest in the project and would suffer no direct detriment. Unless the judgment were somehow to call into question the integrity of the FIT revenue bonds, DASNY has no direct interest in whether the Streetscape Project is ever completed since its source of funds for repaying the bonds is independent of the project's construction. In the event the judgment did call into question the integrity of DASNY's bond issue, the type of injury to DASNY, the disruption of the multi-billion dollar market for DASNY-issued bonds, would be wholly different from any harm FIT might suffer.

Moreover, the interests of DASNY, DOT and FIT, had it been joined, in opposing this proceeding differ. DASNY's

foremost concern is that the FIT revenue bonds predicated on the negative declaration be secure from any judicial order. FIT and DOT have other concerns. FIT has an institutional concern in seeing that the Streetscape plan comes to realization. DOT, no doubt, has a strong institutional concern in preserving its authority to regulate vehicular traffic in New York City. Because of these differing interests, had they all been joined, these various entities might be willing to settle the case on different terms. Thus, the united in interest doctrine has limited or no applicability in the case of a nonjoined entity whose interest in the outcome of the litigation is motivated by different concerns (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Pataki*, 259 AD2d 826).

Nor does the fact that respondents moved to dismiss establish a unity in interest with FIT. More is required than a common interest in the outcome. For example, in a personal injury action against two closely held corporations, this Court held that they were not united in interest even though they had the same shareholders, officers and comptroller because of the absence of a relationship that would give rise to the vicarious liability of one for the conduct of the other (*Valmon v 4 M & M Corp.*, 291 AD2d 343, *lv denied* 98 NY2d 611; *see also Moller v Taliuaga*, 255 AD2d 563). Here, it is clear that none of the parties exercise any control over the other and none is vicariously liable for the acts of any other.

As already noted, petitioners also cannot satisfy the third factor in the relation-back test, i.e., that the failure to join FIT as a respondent was the result of a mistake as to the identity of FIT as the proper party. Petitioners were fully aware of the existence of FIT and its central role in the Streetscape Project. Their failure to join FIT was a mistake of law, "which is not the type of mistake contemplated by the relation-back doctrine" (*Matter of Brucha Mtge. Bankers Corp. v Commissioner of Labor of State of N.Y.*, 266 AD2d 211, 211). Where the party suing "intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake and the [party suing] should not be given a second opportunity to assert that claim after the limitations period has expired" (*Buran v Coupal, supra*, 87 NY2d at 181).

Finally, as respondents properly argue, petitioners' claim that their cause of action against DOT for failure to comply with ULURP's requirements is not governed by the four-month statute of limitations and that they should be allowed to join FIT on that cause of action is not ripe for review, since DOT has not yet ruled on that aspect of the claim.

We have examined the other points raised by petitioners and find that they are without merit.

Accordingly, the order and judgment (one paper) of the Supreme Court, New York County (Ronald Zweibel, J.), entered August 10, 2001, granting respondent DASNY's motion and DOT's cross motion to dismiss the petition and denying petitioners' cross motion to amend the petition, should be modified, on the law, the facts and in the exercise of discretion, to deny the motion and cross motion to dismiss with leave to FIT, if it be so advised, to intervene by interposing an answer to the petition within 30 days after service of a copy of this order and, except as thus modified, affirmed, without costs or disbursements.

WILLIAMS, P.J., MAZZARELLI, ROSENBERGER and GONZALEZ, JJ., concur.

Order and judgment (one paper), Supreme Court, New York County, entered August 10, 2001, modified, on the law, the facts and in the exercise of discretion, to deny respondents' motions to dismiss the petition with leave to FIT, if it be so advised, to intervene by interposing an answer to the petition within 30 days after service of a copy of this order and, except as thus modified, affirmed, without costs or disbursements.