■ DION FRIEDLAND, Appellant, v CHARLES C. HICKOX et al., Respondents. [875 NYS2d 455]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered March 19, 2008, which granted defendants' motion to dismiss the complaint for failure to join necessary parties and denied plaintiff's cross motion to amend the seventh cause of action to pierce the corporate veil, unanimously reversed, on the law, without costs, defendants' motion denied, nonparties Robert Sillerman, Robert Bean and Nancy Bean joined as defendants, plaintiff directed to serve all pleadings on these parties, the denial of the cross motion vacated, and the matter remanded to Supreme Court for further proceedings consistent herewith.

Although the court correctly found that Sillerman and the Beans were necessary parties to plaintiff's first six causes of action (CPLR 1001), it incorrectly held that they could not be joined because the statute of limitations had run. CPLR 1001 (b) provides that "[w]hen a person who should be joined under subdivision (a) has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned." After they are joined as parties, Sillerman and the Beans may, if they are so advised, assert the defense of the statute of limitations. The Court of Appeals clarified this procedure in *Windy Ridge Farm v Assessor of Town of Shandaken* (11 NY3d 725 [2008]) decided five months after the appealed determination.

As plaintiff's seventh cause of action is not affected by the determination that Sillerman and the Beans are necessary parties to the first six causes of action, his cross motion to amend that cause of action so as no longer to seek to pierce the corporate veils of Leeward Isles Resort, Limited (LIR) and Maundays Bay Management, Limited (MBM) should not have been denied as moot. The court should have determined whether LIR and MBM are necessary parties to the seventh cause of action and, upon a determination that they are necessary parties and cannot be joined for lack of jurisdiction, whether the matter may go forward without them (CPLR 1001 [b]), and, upon a determination that the matter may not go forward without them, whether

plaintiff's proposed amendment cured the defect. Concur—Tom, J.P., Moskowitz, Renwick and DeGrasse, JJ.