(November 4, 2010)

■ Cleopatra Rosioreanu, Appellant, v New York City Office of Collective Bargaining, Respondent. [910 NYS2d 65]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 7, 2009, dismissing this CPLR article 78 proceeding to annul a determination of the New York City Board of Collective Bargaining (BCB) on an objection in point of law, unanimously affirmed, without costs.

The application court correctly found the City, petitioner's public agency employer and petitioner's union to be necessary parties to this proceeding, but incorrectly held they could not be joined because the statute of limitations had run. "When a person who should be joined . . . has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned" (CPLR 1001 [b]), and after joinder, the necessary parties may assert the defense of statute of limitations, if so advised (*Friedland v Hickox*, 60 AD3d 426 [2009]). This Court, however, may consider the merits of the alternative ground raised in respondent's motion, which was to dismiss the petition for failure to state a cause of action (*see Subolo Contr. Corp. v County of Westchester*, 282 AD2d 737, 738 [2001]).

Upon conclusion of the grievance process that attended the termination of her public employment, petitioner filed an improper practices petition with respondent Office of Collective

Bargaining alleging that her union failed to provide adequate representation throughout the grievance process, in violation of New York City Collective Bargaining Law (Administrative Code of City of NY) § 12-306 (b) (1) and (3). Respondent denied the petition and petitioner brought the instant article 78 proceeding challenging that determination. Other than petitioner's conclusory assertion that because the grievance process ended with her termination, the union representatives must have acted arbitrarily, capriciously or in bad faith, nothing in the record suggests malfeasance by the union representatives, much less fraud, deceitful action, dishonest conduct or discrimination (*see Mellon v Benker*, 186 AD2d 1020, 1021 [4th Dept 1992] ["there must be substantial evidence of fraud, deceitful action, or dishonest conduct, or evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives"]).

Petitioner's claim that respondent violated Administrative Code § 12-312 by finding the arbitration decision to have been "correct, impartial and legal" without first reviewing a certified transcript of the proceedings is improperly raised for the first time on appeal and we decline to review it (*see Matter of Chaplin v New York City Dept. of Educ.*, 48 AD3d 226 [2008]). We note, however, that contrary to petitioner's claim, respondent did not find that the arbitrator's determination was "correct, impartial and legal." Also unpreserved, for the same reason, is petitioner's claim that it was error to grant the motion to dismiss because respondent failed to file the administrative record with the court (*see Matter of Leewen Contr. Corp. v Department of Sanitation of City of N.Y.*, 272 AD2d 246, 247 [2000]). In any event, while a certified transcript of the proceedings must be filed with an answer to an article 78 petition (CPLR 7804 [e]), respondent filed a dismissal motion in lieu of an answer (*see* CPLR 7804 [f]).

Petitioner's claim that the application court erred by limiting its consideration to evidence submitted and arguments made at the BCB hearing lacks merit because petitioner fails to identify any such evidence or arguments and also because judicial review of administrative determinations is confined to the facts and record adduced before the agency (*see Matter of Torres v New York City Hous. Auth.*, 40 AD3d 328, 330 [2007]). Concur—Tom, J.P., Andrias, Saxe, McGuire and Manzanet-Daniels, JJ.