(January 31, 2012)

■ JOSEPHINE MAHINDA, Appellant, v BOARD OF COLLECTIVE BARGAINING et al., Respondents. [938 NYS2d 505]—

After an informal conference and "Step II" hearing, disciplinary charges against petitioner, a provisional employee, were substantiated, and her employment with the Department of Transportation was terminated, effective October 17, 2008. On November 23, 2009, the Office of Collective Bargaining (OCB) denied petitioner's improper practice petition against her union, the Organization of Staff Analysts (OSA), finding that it was time-barred and that, in any event, petitioner failed to establish that OSA breached its duty of fair representation by failing to advance to arbitration the grievance arising out of her termination. Although petitioner commenced this article 78 proceeding, pro se, on or about December 21, 2009, within the applicable 30 day limitations period (Administrative Code of City of NY § 12-308 [a]), she named only the Board of Collective Bargaining (the Board) and the "NYC Law Department" as respondents. Petitioner did not file an amended petition adding OSA and the City as respondents until on or about May 18, 2010. At that time she also asked the court, by order to show cause, to review the City's underlying decision to terminate her employment, and to reinstate her.

Pursuant to CPLR 1001 (a), a person should be joined in an action or proceeding where necessary "if complete relief is to be accorded between the persons who are parties" thereto or where the person to be joined "might be inequitably affected by a judgment" therein (*see City of New York v Long Is. Airports Limousine Serv. Corp.*, 48 NY2d 469, 475 [1979]). "These compulsory joinder provisions are intended 'not merely to provide a procedural convenience but to implement a requisite of due process—the opportunity to be heard before one's rights or interests are adversely affected' " (*Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 160 [2002], quoting *Matter of Martin v Ronan*, 47 NY2d 486, 490 [1979]).

OSA and the City are necessary parties to this proceeding because affirmative relief is sought against OSA for the alleged violation of its duty of fair representation and against the City for its alleged improper termination of petitioner's employment. There is no possibility of an effective judgment without OSA and the City, since they are the only real parties in interest; nor does it appear that a protective provision in the judgment could avoid prejudice to them (CPLR 1001 [b]; *see L-3 Communications Corp. v SafeNet, Inc.*, 45 AD3d 1, 10-11 [2007]). Because the amended petition was not filed until on or about May 18, 2010, by which time the 30 day limitations period had expired, petitioner's claims against the City and OSA are time-barred.

Petitioner cannot invoke the "relation back" doctrine to avoid dismissal, because the City and OSA are not united in interest with the Board (*see* CPLR 203 [b]; *Matter of Emmett v Town of Edmeston*, 2 NY3d 817, 818 [2004]; *Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]). The Board, a neutral administrative agency, merely acted as an adjudicatory body, and is not liable for any improper representation practice by OSA or any improper termination practice by the City.

In any event, we find that the Board's determination is consistent with lawful procedures and is not arbitrary and capricious, or an unreasonable exercise of its discretion (*see Rosioreanu v New York City Off. of Collective Bargaining*, 78 AD3d 401 [2010], *lv denied* 17 NY3d 702 [2011]; *Matter of Levitt v Board of Collective Bargaining of City of N.Y., Off. of Collective Bargaining*, 79 NY2d 120, 128 [1992]).

The record supports the Board's determination that petitioner knew or should have known, before December 17, 2008, that OSA would not bring her grievance to arbitration. The Board credited OSA's assertion that as a result of the Court of Ap-

peals' decision in *Matter of City of Long Beach v Civil Serv. Empls. Assn., Inc.—Long Beach Unit* (8 NY3d 465, 470 [2007]), it repeatedly advised petitioner that as a provisional employee she had no right to arbitrate and that it would be filing the request to arbitrate for the sole purpose of preserving her rights. This assertion was corroborated by petitioner's written acknowledgment that in August 2008 she was informed by OSA that provisional employees had no right to arbitrate and that any such requests pertaining to that group were "on hold." Nothing thereafter tolled the statute of limitations, but petitioner's improper practice petition, which was based on the argument that OSA should have brought her grievance to arbitration, was not filed until April 17, 2009, by which time the applicable four month limitations period had expired (*see* Administrative Code of City of NY § 12-306 [e]).

Petitioner has not established that an agreement as to provisional disciplinary procedures has been reached pursuant to section 65 (5) (g) of the Civil Service Law, which was amended in the wake of *City of Long Beach* to authorize the City and other public employers to enter such agreements. She claims that District Council 37, AFSCME, AFL-CIO, which negotiates all grievance procedures for unions under a citywide contract, signed a Memorandum of Economic Agreement (MEA) with the City on October 31, 2008, for the period 2008-2010, which contains a letter extending, as is, the grievance procedures of the 1995-2001 contract pertaining to provisional employees with more than 24 months of service. However, the Board's determination that the MEA did not create arbitration rights has a rational basis. As the Board observed, "The 2008 MEA merely states in general terms that the provisions of the prior Citywide Agreement, which included a disciplinary grievance procedure for certain provisional employees, were to continue in full force and effect. By its very terms, such language is limited to such terms and provisions as were in full force and effect." The grievance procedures that petitioner seeks to enforce predate and were abrogated by *City of Long Beach*. There is no specific language in the 2008 MEA that would indicate that the parties intended to enter an agreement to revive those procedures pursuant to Civil Service Law § 65 (5) (g).

Further, the Board took administrative notice that Rules of City of New York Office of Collective Bargaining (61 RCNY) § 1-03 (d) requires that every public employer entering into a written collective bargaining agreement with a public employee organization shall file copies of that agreement with OCB within 15 calendar days of the execution of the agreement. No evidence

of the filing of any such agreement pursuant to the 2008 MEA was presented. Thus, there is no basis on which to grant petitioner's request to compel OSA to schedule an arbitration on her behalf.

Nor is there any basis for granting the request to review the City's underlying decision to terminate petitioner. As a provisional employee, petitioner could be terminated at any time, without a hearing, for almost any reason, or for no reason at all (*see Matter of Preddice v Callanan*, 69 NY2d 812 [1987]; *Matter of Lee v Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Educ. Servs.*, 69 AD3d 1289, 1290 [2010]). Petitioner has failed to demonstrate that, in terminating her employment, the City violated Civil Service Law § 65, which governs provisional appointments, or any other constitutional or statutory provision. Nor has she demonstrated that her employment was terminated in bad faith or that the termination was arbitrary and capricious. Concur—Gonzalez, P.J., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ.