Order and judgment (one paper), Supreme Court, New York County (Lucy Billings, J.), entered May 31, 2012, which granted *515 petitioners’ CPLR article 78 petition seeking injunctive relief prohibiting respondent Behrouz Fathi (respondent) from serving as an officer in Civil Service Technical Guild, Local 375, unanimously reversed, on the law, without costs, the order and judgment vacated, and the petition dismissed without prejudice.
Petitioners, officers of Local 375, a public employee local union representing engineering and technical employees affiliated with the American Federation of State, County and Municipal Employees (AFSCME) and with AFSCME’s regional governing body, District Council 37 (DC 37), initiated this proceeding seeking to have respondent, the Acting President of Local 375, enjoined from serving as an officer in the union on the ground that his decades-old convictions of “crimes of dishonesty” barred him from such service under a provision of the DC 37 Constitution (article XIII, section 7) applicable to local affiliate unions. Petitioners also sought to have the only other named respondents, the Chairman of Local 375’s Executive Committee and Local 375’s treasurer, enjoined from authorizing respondent’s service as an officer, or paying him for it.
Petitioners commenced this proceeding after their efforts to have respondent removed were rejected by Local 375’s Executive Committee. Shortly thereafter, the motion court stayed the proceedings to enable petitioners to exhaust their administrative remedies, which, inter alia, required determinations by DC 37’s Ethical Practices Officer and AFSCME’s Judicial Panel. Ultimately, it was determined that section 7 does not bar respondent’s service as an officer.
The threshold question before us is whether the motion court erred in rejecting respondents’ argument that DC 37 and ACSCME are necessary parties that petitioners were required to join. We conclude that they are necessary parties. Although complete relief, i.e., injunctive relief against respondent and the two other Local 374 officers named in the petition, can be accorded in the absence of DC 37 and AFSCME, they may be inequitably affected by the judgment (CPLR 1001 (a); see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., 302 AD2d 155, 160 [1st Dept 2002]). Without the intermediate determination by DC 37 and the final determination by AFSCME, petitioners could not have proceeded with this action. Further, it is the interpretation of DC 37’s constitution that is at issue — an interpretation that will necessarily have implications beyond this case for the members of DC 37, its local affiliates and AFSCME, its governing body. Thus, DC 37 and AFSCME must be given “the opportunity to be heard before [their] rights or interests are adversely affected” (27th St. Block *516 Assn., 302 AD2d at 160 [citation omitted]). Concur — Acosta,
J.P., Sweeny, Renwick, Richter and Clark, JJ.