Almah LLC v AIG Empl. Servs., Inc. (2018 NY Slip Op 01870)





Almah LLC v AIG Empl. Servs., Inc.


2018 NY Slip Op 01870


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5913N 652117/14

[*1] Almah LLC, Plaintiff-Appellant,
v
AIG Employee Services, Inc., et al., Defendants-Respondents.


Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for appellant.
Quinn Emanuel Urquhart & Sullivan, LLP, New York (Jennifer J. Barrett of counsel), for respondents.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered October 4, 2016, which granted defendants' motion to join certain Goldman Sachs entities (Goldman Sachs) as necessary parties, unanimously reversed, on the law and the facts, without costs and the motion denied.
Pursuant to section 7.1(a) of the lease, which is the basis for plaintiff's "take good care" claim against defendant AIG, AIG may only be held liable for "the cost of making good any injury, damage or breakage to the Building or the Premises done by Tenant" (emphasis added). As such, AIG's liability, if any, will be limited to any damage that it caused during its tenancy; it will not be liable for damage that Goldman Sachs may have caused during its earlier tenancy. This raises factual questions as to the respective liability of AIG and Goldman Sachs for the allegedly negligently installed and maintained electrical busways; these issues may be developed in discovery. Therefore, we find that complete relief can be accorded between plaintiff and AIG, without joining Goldman Sachs as a necessary party (see CPLR 1001[a]).
Under the circumstances, it cannot be said that Goldman Sachs will be inequitably affected by a judgment in this action (id.; Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., 302 AD2d 155, 160 [1st Dept 2002]), or that any outcome here will bind its rights or interests without it having had an opportunity to be heard (Swezey v Merrill Lynch, Pierce, Fenner & Smith, Inc., 19 NY3d 543, 551 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK