**Matter of Cheng v State of New York Div. of Hous. & Community Renewal Off. of Rent Admin.**

2024 NY Slip Op 31072(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 155861/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. JOHN J. KELLEY

PART    56M

_Justice_

----------------------------------------------------------------------X

In the Matter of

STEPHEN CHENG,

Petitioner,

- v -

STATE OF NEW YORK DIVISION OF HOUSING AND
COMMUNITY RENEWAL OFFICE OF RENT
ADMINISTRATION,

Respondent.

----------------------------------------------------------------------X

INDEX NO.    155861/2023

MOTION DATE    8/31/2023
11/08/2023

MOTION SEQ. NO.    001, 003

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 22

were read on this motion to/for                CONSOLIDATE/JOIN FOR TRIAL                .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion to/for                INTERVENTION/DISMISSAL                .

In this proceeding pursuant to CPLR article 78, the tenant petitioner seeks judicial review of a May 11, 2023 New York State Division of Housing and Community Renewal (NYS DHCR) determination denying, in part, his Petition for Administrative Review (PAR) of a Rent Administrator's May 28, 2021 decision that was adverse to him.  The May 11, 2023 determination was made pursuant to a June 14, 2022 order (Love, J.), remitting the matter to the NYS DHCR for reconsideration (_see Matter of Cheng v State of N.Y. Div. of Hous. & Community Renewal,_ Index No. 150439/2022 [Sup Ct, N.Y. County, Jun. 14, 2022]).

The petitioner now moves pursuant to CPLR 602(a) to consolidate this proceeding with a related proceeding entitled _Matter of 30 West 88 Realty, LLC v New York State Div. of Hous. & Community Renewal_, pending before this court under Index No. 156848/2023, in which the

**155861/2023   IN THE MATTER OF THE APPLICATION OF STEPHEN CHENG vs. STATE OF NEW
YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT
ADMINISTRATION
Motion No.  001**

Page 1 of 5

1 of 5

[* 1]

petitioner's landlords, 30 West 88 Realty, LLC, and SM 30W88, LLC (the landlords), seek judicial review of the same NYS DHCR determination (MOT SEQ 001). The NYS DHCR does not oppose the motion. The landlords move pursuant to CPLR 1012(a) for leave to intervene in the instant proceeding, and thereupon pursuant to CPLR 3211(a)(10) to dismiss the petition herein for failure to join them as necessary parties (MOT SEQ 003). The petitioner and NYS DHCR oppose that branch of the motion seeking dismissal of the petition. The petitioner's motion is granted. The landlords' motion is granted to the extent that they are granted leave to intervene in the proceeding commenced by the petitioner, and their motion is otherwise denied.

"Consolidation is generally favored in the interest of judicial economy and ease of decision-making where cases present common questions of law and fact, 'unless the party opposing the motion demonstrates that a consolidation will prejudice a substantial right'" (*Raboy v McCrory Corp.*, 210 AD2d 145 [1st Dept 1994], quoting *Amtorg Trading Corp. v Broadway & 56th St. Assoc.*, 191 AD2d 212, 213 [1st Dept 1993]). The issue raised in both the related proceeding and this proceeding are whether the May 11, 2023 determination was arbitrary and capricious or affected by an error of law. There no indication that consolidation of the two proceedings will prejudice a substantial right of any party (*see Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006]).

The landlords' intervention in the proceeding commenced by the petitioner is warranted here, as they clearly have a direct and substantial interest in the outcome of the litigation (*see* CPLR 1012[a][2]; *Burlingame v State of New York*, 42 AD3d 923, 924 [4th Dept 2007]). Dismissal, however, is not warranted. Where a necessary party has not been joined, the court may not dismiss the matter for failure to join a necessary party, even where the applicable limitations period has lapsed. "When a person who should be joined . . . has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned" (CPLR 1001[b]). Hence, the court must direct the unnamed necessary party to be joined, subject to its

**155861/2023   IN THE MATTER OF THE APPLICATION OF STEPHEN CHENG vs. STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION**
**Motion No.  001**

**Page 2 of 5**

2 of 5

assertion of all applicable defenses and affirmative defenses, including the statute of limitations (*see* CPLR 1001[a]; *Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]; *Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals,* 5 NY3d 452 [2005]; *Rosioreanu v New York City Off. of Collective Bargaining*, 78 AD3d 401, 401 [1st Dept 2010]; *Matter of 37 W. Realty Co. v New York City Loft Bd.,* 72 AD3d 406, 406 [1st Dept 2010]; *Matter of Lazzari v Town of Eastchester*, 62 AD3d 1002 [2d Dept 2009], *affd* 20 NY3d 214 [2012]; *Friedland v Hickox*, 60 AD3d 426, 426 [1st Dept 2009]).  Thus, even had the landlords not intervened, the court was required to order their joinder in any event. The court notes that the landlords, whether appearing via intervention or joinder, could raise the issue of whether the proceeding was time-barred as to it, and that dismissal of the entirety of the petition should eventuate.  The landlords, however, named and joined the petitioner as a respondent in the related proceeding, which is now consolidated into the initial proceeding, and both proceedings will obligate the court to review the NYS DHCR's determination (*see* CPLR 7803[3]).  These facts warrant the conclusion that, even if the landlords were dismissed from the petitioner's proceeding despite being necessary parties, that matter would have been able to proceed even in their absence (*see* CPLR 1001[b][5] [court must consider whether an effective judgment may be rendered in the absence of the party not joined]; *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 163 [1st Dept 2002]).

Accordingly, it is,

ORDERED that the motion of 30 West 88 Realty, LLC, and SM 30W88, LLC (SEQ 003), is granted to the extent that they are permitted to intervene as respondents in the proceeding entitled *Matter of Cheng v State of New York Division of Housing and Community Renewal,* commenced in the Supreme Court, New York County, under Index No. 155861/2023, and their motion is otherwise denied; and it is further,

155861/2023   IN THE MATTER OF THE APPLICATION OF STEPHEN CHENG vs. STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION
Motion No.  001

Page 3 of 5

3 of 5

ORDERED that the petitioner's motion (MOT SEQ 001) is granted, the proceeding entitled *Matter of 30 West 88 Realty, LLC v New York State Division of Housing and Community Renewal*, commenced in the Supreme Court, New York County, under Index No. 156848/2023, and pending before Justice John J. Kelley, in Part 56, is fully consolidated into the proceeding entitled *Matter of Cheng v State of New York Division of Housing and Community Renewal,* commenced in the Supreme Court, New York County, under Index No. 155861/2023, and pending before Justice John J. Kelley, in Part 56; and it is further,

ORDERED that the petition filed in connection with the proceeding entitled *Matter of 30 West 88 Realty, LLC v New York State Division of Housing and Community Renewal*, commenced in the Supreme Court, New York County, under Index No. 156848/2023, is deemed to be a cross petition in the consolidated proceeding entitled *Matter of Cheng v State of New York Division of Housing and Community Renewal,* pending n the Supreme Court, New York County, under Index No. 155861/2023; and it is further,

ORDERED that the caption of the consolidated proceeding shall be as follows:

```
-----------------------------------------------------------------X
In the Matter of

STEPHEN CHENG,

                        Petitioner/Cross-Respondent,

            v

STATE OF NEW YORK DIVISION OF HOUSING
AND COMMUNITY RENEWAL,

                        Respondent,

30 WEST 88 REALTY, LLC, and & SM 30W88,
LLC,

                        Respondents/Cross-Petitioners.
-----------------------------------------------------------------X
```

Index No. 152368/2023

and it is further,

155861/2023   IN THE MATTER OF THE APPLICATION OF STEPHEN CHENG vs. STATE OF NEW YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT ADMINISTRATION
Motion No.  001

Page 4 of 5

4 of 5

[* 4]

ORDERED that, within 15 days of the entry of this decision and order, the petitioner shall serve a copy of this decision and order upon both the County Clerk and the Clerk of the General Clerk's Office, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/ courts/ 1jd/supctmanh/Efil-protocol.pdf (nycourts.gov), and, to comply with those procedures, the petitioner shall (1) upload the decision and order to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" *AND* (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order, under document title "NOTICE TO COUNTY CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon amend the court records accordingly; and it is further,

ORDERED that the return dates of petition filed by Stephen Cheng, pending under MOTION SEQUENCE 002, and the petition filed by 30 West 88 Realty, LLC, and SM 30W88, LLC, now deemed to be a cross petition, are adjourned until April 11, 2024, at which time they shall be heard on papers only, without oral argument or personal appearance.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| **3/29/2024** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| MOTION 001: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 003: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |

155861/2023   IN THE MATTER OF THE APPLICATION OF STEPHEN CHENG vs. STATE OF NEW      Page 5 of 5
YORK DIVISION OF HOUSING AND COMMUNITY RENEWAL OFFICE OF RENT
ADMINISTRATION
Motion No.  001