Young v City of New York (2024 NY Slip Op 50608(U))

[*1]

Young v City of New York

2024 NY Slip Op 50608(U)

Decided on May 22, 2024

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 22, 2024
Supreme Court, Bronx County

Timothy Young, Plaintiff(s),

against
The City of New York, THE NEW YORK CITY DEPARTMENT OF EDUCATION, and LEON D. DEMATTEIS CONSTRUCTION CORPORATION, Defendant(s).

Index No. 27214/2019E

Ashlee Crawford, J.

In the summons and verified complaint filed with the Court on June 19, 2019, plaintiff asserts claims against defendants The City of New York ("City"), New York City Department of Education ("DOE"), and Leon D. DeMatteis Construction Corporation ("DeMatteis Corp.") for common law negligence and violations of Labor Law §§ 200, 240(1) and 241(6). These claims arise out of injuries plaintiff allegedly sustained on May 2, 2018, while engaged in masonry work at Public School 14 (NYSCEF Doc. No. 1).
Now, plaintiff moves pursuant to CPLR §§ 3025(b) and 203(b) for leave to file and serve a supplemental summons and verified amended complaint to assert the same claims against non-party New York City School Construction Authority ("SCA"), which entity plaintiff mistakenly has not named or served, and against which the statute of limitations has run; and to deem service on SCA complete, nunc pro tunc to the time of service on the City, pursuant to the relation back doctrine codified in CPLR § 203(b).
Plaintiff argues that his motion should be granted, because the proposed claims against SCA arise from the same incident as the original claims asserted against defendants. Plaintiff maintains that SCA and the City are united in interest, insofar as SCA is a component of, and controlled by, the City. Finally, plaintiff contends that, because he served a notice of claim on SCA and defendants on June 19, 2018, and the City (but not SCA) participated in a 50-h hearing on January 22, 2019, SCA knew or should have known that, but for plaintiff's mistake in omitting SCA from this action, the lawsuit would have been brought against SCA, too.
In opposition, non-party SCA argues that plaintiff's motion must be denied, because the proposed claims are time-barred; plaintiff has not shown that the claims are not devoid of merit or palpably insufficient; and plaintiff's delay in asserting the proposed claims will prejudice SCA. Further, SCA argues that plaintiff cannot rely on the relation back doctrine to save his time-barred claims, because SCA and the City are not united in interest; and SCA was not on notice that it could be named in this lawsuit merely because it was served with a notice of claim in 2018 and the City participated in a 50-h hearing in 2019.
Discussion
"The relation back doctrine applies when (1) the claims arise out of the same conduct, transaction or occurrence; (2) the new party is 'united in interest' with an original defendant and thus can be charged with such notice of the commencement of the action such that a court concludes that the party will not be prejudiced in defending against the action; and (3) the new party knew or should have known that, but for a mistaken omission, they would have been named in the initial pleading" (Nemeth v K-Tooling, 40 NY3d 405, 407-08 [2023]; see CPLR 203[b]). Plaintiff has the burden of proving the applicability of the relation-back doctrine (Kingstone Insurance Co. v Marion Pharmacy Inc., 224 AD3d 501, 502 [1st Dept 2024]).
Arising Out of the Same Occurrence
It is undisputed that the proposed claims and the original claims arise from the same ccident (see Memo of Law in Opp at 10 [NYSCEF Doc. No. 42]).
Knew or Should Have Known They Would Have Been Named in the Initial Pleading
As to the third prong of the foregoing test, the relation back doctrine "applies when the [mistaken] party knew or should have known that, but for the mistake — be it a simple oversight or mistake of law [] — the non-amending party would have been named initially" (Nemeth at 412). The mistake need not be excusable (Ellis v Newmark & Co. Real Estate, Inc., 209 AD3d 520, 522 [1st Dept 2022]). However, the relation back doctrine "does not apply when a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable or when the new party was omitted to obtain a tactical advantage in the litigation" (Nemeth at 408 [internal quotation marks and citation omitted]).
Plaintiff argues that SCA knew or should have known that, but for plaintiff's mistake, SCA would have been brought into this litigation. Plaintiff relies on SCA having been served with a notice of claim in this case, and the City having participated in a 50-h hearing (NYSCEF Doc. No. 32 at 6-7). Because SCA was served with a notice of claim, the Court agrees with plaintiff as to the third prong of the relation-back test, which is met (see Nardi v Hirsh, 245 AD2d 205, 206 [1st Dept 1997][relation back-doctrine applicable where party received timely notice of claim]; see also DeLuca v Baybridge at Bayside Condominium I, 5 AD3d 533, 535 [2d Dept 2004]).
United in Interest
Turning to the second prong of the relation back test, plaintiff maintains that SCA and the City are united in interest. He notes that the City appoints two members to the three-member board of trustees governing SCA, demonstrating that SCA is under the "tight control" of the City. Plaintiff also asserts that SCA's operating revenue is completely funded by capital appropriations made by the City. He further emphasizes that SCA serves to secure construction contracts on behalf of the City, for real property owned by the City. Plaintiff, therefore, concludes that SCA is "part and parcel of the government machinery" of the City and that SCA and the City each would be affected by a judgment against the other (NYSCEF Doc. No. 32 at 4-6).
SCA, in opposition, urges that it and the City are not united in interest, because they are separate and distinct entities governed by separate laws and cannot be held vicariously liable for the actions of the other. SCA explains that it is a public benefit corporation formed specifically for the purpose of constructing schools. By contrast, the City is a municipal corporation tasked with promoting public safety, public health, and opportunity, and the functioning of City government. SCA argues that the mere sharing of resources and employees, without more, does not support a finding that two entities are united in interest (Memo of Law in Opp at 10-16 [NYSCEF Doc. No. 42]).
To be "united in interest," it is not necessary for the parties to be joint contractors or have a joint interest; rather, they are united in interest when their interest "in the subject-matter is such that they stand or fall together and that judgment against one will similarly affect the other." (Nemeth at 415 [citation omitted]). The Court of Appeals recently clarified that "[s]imply because vicarious liability may serve as a basis for finding unity of interest[, it is not] a prerequisite to the application of the relation back doctrine" (id.).
Upon the facts here, the Court finds that SCA and the City are not united in interest. Although SCA was served with a notice of claim, unlike in many of the cases it cites, SCA and the City are distinct entities (Superior Quality Craftsman, Corp. v City of New York, 2017 WL 1062922, *2 [Sup Ct, NY Co., Mar 20, 2017]), and are not stand-ins or alter egos for the other (Matter of 27th St. Block Assn. v Dormitory Auth. of State of NY, 302 AD2d 155, 164 [1st Dept 2002]). Moreover, an adverse judgment would affect both entities differently, such that it cannot be said they would "stand or fall together" (Nemeth at 415; see also 27th St. Block Ass'n. v Dormitory Auth. of State of New York, 302 AD2d 155 [1st Dept 2002]). For these reasons, plaintiff may not rely on the relation-back doctrine to assert untimely claims against SCA.
Accordingly, it is hereby
ORDERED that plaintiff's motion is DENIED in its entirety; and it is further
ORDERED that the parties shall appear for a status conference on August 5, 2024, at 9:30 AM.
This constitutes the decision and order of the Court.
ENTER:
HON. ASHLEE CRAWFORD, A.J.S.C.
Dated: May 22, 2024
Bronx, New York