In the Matter of ERNEST F. SANDOR, Appellant, *v.* EWALD B. NYQUIST, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, June 20, 1974.

Fudeman & Renaldo (*Emanuel Tabachnick* of counsel), for appellant.

Robert D. Stone (*Alan Gebell* of counsel), for Ewald B. Nyquist, respondent.

*Emmett McGarvey (Joseph L. Watson* of counsel), for Board of Education, respondent.

Cooke, J. This appeal presents the issue of whether a Board of Education which dismissed petitioner, following a hearing on charges of inefficiency and neglect of duty, is an indispensable party to a proceeding seeking review of the decision of the Commissioner of Education sustaining the dismissal so as to render jurisdictionally defective the failure to properly serve it within the four-month Statute of Limitations.

Petitioner, a tenured English teacher employed in the Williamsville School District since 1967, was dismissed after a hearing at the conclusion of which he was found guilty of inefficiency and neglect of duty in his position as treasurer of the student activity fund. On September 29, 1971, he appealed his dismissal to respondent Commissioner of Education. The board's decision was affirmed by the Commissioner on August 21, 1972.

The instant proceeding was commenced on December 19, 1972 by personal service upon the Commissioner of Education and by personal service upon the attorney who had represented the school board on the appeal to the commissioner. Upon being informed that said attorney no longer represented the board, personal service upon one of the members of the board was effected on January 4, 1973.

The board served a notice of objection to the petition contending that the proceeding was barred by the Statute of Limitations. Special Term dismissed the petition for failure to timely commence the proceeding against "the party sought to be bound by the determination prayed for in the petition." In so doing, the court below implicitly held that the board was an indispensable party to the proceeding.

Unquestionably the board was not properly served within the statutory limits and was therefore not properly made a party to the proceeding.

In *Matter of Castaways Motel* v. *Schuyler* (24 N Y 2d 120, 125), the Court of Appeals stated that the policy of the CPLR was to limit the scope of indispensable parties to those cases and only those cases where the determination of the court would adversely affect the rights of nonparties. Subdivision (a) of CPLR 1001 classifies parties who should be joined into those who ought to be joined if complete relief is to be accorded between those who are parties and those who might be inequitably affected by a judgment in the action.

To accord complete relief between the parties here, perhaps the board ought to have been joined as a party since, if petitioner is successful on this appeal, there is a likelihood that there may be directives in the final order laying out a line of conduct for it. Such final order could more easily be enforced in this particular situation were the board, whose conduct is sought to be controlled by the hoped-for order of reinstatement, a party respondent (see 24 Carmody-Wait, New York Practice, § 145:265, p. 64). However, the board will not necessarily be inequitably affected by the judgment in this proceeding since its interests will presumably be protected by the commissioner as they "stand or fall together" (see *Prudential Ins. Co.* v. *Stone*, 270 N. Y. 154; *Matter of Leventhal* v. *Michaelis*, 29 Misc 2d 831). Since jurisdiction over the board can now be obtained only by its consent or appearance, consideration should be given to the question of whether the proceeding should be permitted to continue without it (CPLR 1001, subd. [b]).

Were the proceeding terminated at this stage for failure to join the board as a party, petitioner will have no other effective remedy. As indicated, there is no apparent prejudice to the board from nonjoinder since its interests will be adequately protected by the commissioner and any possible prejudice to its interests may be avoided by intervention in the proceeding (see CPLR 1012, subd. [a], par. 2). Finally, an effective judgment can be rendered in the absence of the board as a party since, in the event the commissioner's action is found to be purely arbitrary (see *Matter of Board of Educ. of City of N. Y.* v. *Allen*, 6 N Y 2d 127), he has the power to order the board to reinstate petitioner (Education Law, § 311, subd. 4).

We therefore conclude that although the board ought to have been joined as a party, the failure to join it should be excused in the interests of justice and the proceeding should be permitted to proceed as it is not an indispensable party (see CPLR 1001, subd. [b]).

The judgment should be reversed, on the law and in the interests of justice, without costs; the motion should be denied, and the matter remitted to Special Term for further proceedings not inconsistent herewith.

HERLIHY, P. J., GREENBLOTT, KANE and REYNOLDS, JJ., concur.

Judgment reversed, on the law and in the interests of justice, without costs; motion denied, and matter remitted to Special Term for further proceedings not inconsistent herewith.