■ In the Matter of OWEGO-APALACHIN CENTRAL SCHOOL DISTRICT, Appellant, v COMMISSIONER OF EDUCATION, Respondent. [682 NYS2d 728] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Connor, J.), entered April 3, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to join necessary parties.

Teachers Cynthia Totolis and Pamella Richard were employed by petitioner for the 1995-1996 school year. Both teachers submitted resignations at the end of the year to become effective September 1, 1996 and September 3, 1996, respectively. During their 10 months of active employment, petitioner withheld from their salaries an amount equal to 12 months of health insurance premiums. Upon receiving Totolis' resignation, petitioner returned the amount that had been withheld from her salary for her July and August 1996 health and dental insurance premiums, discontinuing her coverage on the ground that it considered her resignation effective June 30, 1996. Since Richard continued active employment until the end of July 1996, petitioner deemed her resignation effective July 31, 1996 and discontinued her coverage at that time. Furthermore, petitioner refunded her August 1996 health and dental insurance premiums.

Totolis and Richard thereafter commenced an administrative proceeding before respondent challenging petitioner's practice of backdating employee resignations to the last date of the month during which a teacher performed on-the-job services. Respondent issued a determination in June 1997 directing petitioner to amend its records by indicating their respective resignation dates as September 1 and September 3, 1996, thereby extending the insurance coverage. Petitioner was further directed to cease its practice of backdating the effective dates of employee resignations. In October 1997, petitioner initiated this proceeding challenging that administrative determination. Petitioner, however, failed to name Totolis and Richard as parties. Supreme Court granted respondent's motion to dismiss the proceeding for failure to join necessary parties. Petitioner appeals.

We affirm. As individuals "who might be inequitably affected

by a judgment in the [proceeding]" (CPLR 1001 [a]), Totolis and Richard were correctly identified by Supreme Court as necessary parties thereto (*see, Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716, *affd* 78 NY2d 935). Annulment of respondent's determination "might" render them liable for the medical and dental costs incurred by them during the summer of 1996 after their insurance coverage had been discontinued. Their personal stake in the matter is distinct from respondent's policy interest so that it cannot be assumed that respondent's participation would be sufficient to represent their interests (*see, Matter of Llana v Town of Pittstown*, 245 AD2d 968, 969, *lv denied* 91 NY2d 812; *cf., Matter of Sandor v Nyquist*, 45 AD2d 122, 124). Under the circumstances presented here, we find no abuse of discretion in Supreme Court's dismissal of the petition. Petitioner's remaining arguments have been considered and found to be without merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.