■ In the Matter of ROBERT A. ROMEO et al., Respondents, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents. WESTHILL CENTRAL SCHOOL DISTRICT, Appellant. [839 NYS2d 297]—

Kane, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered January 6, 2006 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education denying enrollment of petitioners' children in the Westhill Central School District.

Petitioners assert that their property is located in two different school districts, permitting them to designate which school district their children will attend (see Education Law § 3203). A subdivision map filed in the 1960s showed petitioners' property line along the line between the Town of Onondaga and City of Syracuse, Onondaga County, which is also the line separating the Westhill Central School District (hereinafter the district) from the Syracuse City School District. Petitioners commissioned surveys of their property and their southerly neighbors' property, which show that petitioners' property extends 4.5 inches into the Town and, thus, into the district. A boundary line agreement executed and filed by petitioners and their neighbors sets forth the metes and bounds description showing that a small strip of petitioners' property is in the district.

After the district determined, contrary to petitioners' designation, that petitioners did not reside in the district and their children were therefore not eligible for enrollment, petitioners filed an administrative appeal with respondent Commissioner of Education. The Commissioner upheld the district's determination. Petitioners then commenced this CPLR article 78 proceeding against the Commissioner and respondent Department of Education seeking to annul the Commissioner's determination and to require the district to accept petitioners' designation of the district for their children's enrollment pursuant to Education Law § 3203. The district was not made a party to the proceeding. Supreme Court (Connor, J.) granted the petition and annulled the Commissioner's determination.

When this matter was previously before us, we reversed a judgment of Supreme Court (Ferradino, J.) which denied the district's motion to intervene in petitioners' CPLR article 78 proceeding (39 AD3d 916 [2007]). We permitted the district to intervene for purposes of appealing the January 6, 2006 judgment, granted the motion of the Commissioner and Department of Education to withdraw their appeal and withheld decision. After receiving briefs from the district and petitioners, we now address the main appeal.

The district was a necessary party because, at the very least, its rights "might" have been inequitably affected by a judgment (CPLR 1001 [a]; *see Matter of Owego-Apalachin Cent. School Dist. v Commissioner of Educ.*, 257 AD2d 739, 739-740 [1999]). If an absentee who is necessary to the action is subject to the court's jurisdiction, that absentee must be joined; if the absentee is not subject to jurisdiction, the court must consider several factors to determine whether the action should be dismissed or should proceed in the absence of that necessary party (*see* CPLR 1001 [a], [b]). The district was subject to Supreme Court's jurisdiction, despite the lapse of the statute of limitations (*cf. Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals*, 5 NY3d 452, 459 [2005] [raising this issue but not answering it]). Several prior cases and commentaries assumed that the practical inability to join a necessary party due to the lapse of the statute of limitations was equivalent to the party being beyond the court's jurisdiction, and therefore required an inquiry under CPLR 1001 (b) as to whether the nonjoinder may be excused and the proceeding permitted to continue without the absentee (*see Matter of Emmett v Town of Edmeston*, 2 NY3d 817, 818 [2004]; *Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y.*, 302 AD2d 155, 161-163 [2002]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 763-764 [2000]; *Matter of Llana v Town of Pittstown*, 234 AD2d 881, 884 [1996]; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716 [1990], *affd* 78 NY2d 935 [1991]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1001:2, at 241-242; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1003:1, at 367; *see also Matter of Haddad v City of Hudson*, 6 AD3d 1018, 1019 [2004]; *Matter of Sandor v Nyquist*, 45 AD2d 122, 124 [1974]). But a notable commentator on the CPLR recently acknowledged that these cases and commentaries were "[t]echnically . . . a gloss on the statute" (Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1001:2, 2007 Cum Pocket Part, at 25). While there may be practical difficulties with strictly construing the word "jurisdiction" in the joinder statute (*see* Alexander, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1001:2, 2007 Cum Pocket Part, at 25), we cannot condone a loose interpretation of "jurisdiction" in any provision of the CPLR. A statute of limitations does not deprive a court of jurisdiction nor even a litigant of a substantive right, but is merely a defense which may, if properly asserted, deprive a plaintiff of any remedy from a defendant (*cf. Johnson v Albany & Susquehanna R.R. Co.*, 54

NY 416, 426-427 [1873]; *Becker v Porter*, 17 App Div 183, 184 [1897]; Siegel, NY Prac § 34, at 40 [3d ed]; *see also Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 676 [1976]).

Because the district was a necessary party subject to Supreme Court's jurisdiction, the court was required to order petitioners to summon the district (*see* CPLR 1001 [b]). We now correct the error by joining the district as a respondent and ordering petitioners to serve the district with the initiatory papers. The district may respond and raise any defenses it may have. After the district files its responding papers, the trial court will then be able to consider this proceeding with the benefit of participation by all necessary parties.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, Westhill Central School District is joined as a respondent, petitioners are ordered to serve the notice of petition and petition within 20 days of the date of this Court's decision, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.