OPINION OF THE COURT
James P. Dawson, J.
*175 The court is asked to resolve the respondent’s motion to dismiss this CPLR article 78 proceeding. A brief recitation of the underlying facts is necessary. On May 8, 2006, the respondent passed a resolution conferring the benefits of Public Officers Law § 18, the statute allowing public entities to indemnify and defend their employees in civil actions, upon the officers and employees of the Town of Peru. In February 2007, the town supervisor, Donald Covel, commenced a defamation action against Cortland Forrence, Thomas Powers, Roger Bonner and Peter Glushko, among others. Those four individuals were town councilpersons during the period at issue in Covel’s lawsuit. On April 16, 2007, the respondent adopted a resolution conferring a defense upon those individuals pursuant to Public Officers Law § 18. There was some turnover in the membership of respondent during the relevant period — Roger Bonner is no longer a town councilman, having been replaced by Keith Matott prior to April 16, 2007.
The petitioner commenced this CPLR article 78 proceeding on August 14, 2007, seeking to annul the respondent’s April 16, 2007 resolution on various grounds. The respondent thereafter brought the present motion to dismiss. The respondent argues that Forrence, Powers, Bonner and Glushko are necessary parties to this proceeding as they could be adversely affected by a decision here. Accordingly, the respondent contends that the petitioner’s failure to name them as respondents subjects this proceeding to dismissal.
The petitioner responds and essentially contends that Forrence, Powers, Bonner and Glushko are not necessary parties because they are not going to lose any benefit they are entitled to, apparently because the petitioner believes that it was improper to grant them a defense to begin with. The petitioner also argues that to dismiss this proceeding would be highly prejudicial to him, as the statute of limitations has run on his claims and a new proceeding cannot be commenced.
The respondent’s motion is denied. Initially, the court has no difficulty concluding that Forrence, Powers, Bonner and Glushko are necessary parties to this proceeding. “A party whose interest may be inequitably or adversely affected by a potential judgment must be made a party in a CPLR article 78 proceeding” (Matter of Manupella v Troy City Zoning Bd. of Appeals, 272 AD2d 761, 763 [2000]; see CPLR 1001 [a]). Here, those four individuals have been provided a defense to a legal claim against them as a result of the Town Board’s April 16, *176 2007 resolution. That defense obviously saves them a great deal of money that they would otherwise have to incur for legal costs. No less obvious is the fact that, if the petitioner succeeds here, those four individuals will be deprived of that valuable defense. To say, as the petitioner does, that they were never entitled to such a defense misses the point — the fact of the matter is that the Town Board has granted them such a defense and they stand to lose it if the petitioner succeeds. In short, a victory for the petitioner here would inequitably affect Forrence, Powers, Bonner and Glushko and they are necessary parties to this proceeding.
Accordingly, there are four necessary parties who have not been joined and the statute of limitations has expired. The law was previously clear under those circumstances. The settled view was that a court lacked jurisdiction over the necessary parties who had not been joined by virtue of the expiration of the statute of limitations, leading to a CPLR 1001 (b) analysis and, frequently, dismissal of the petition (see e.g. Matter of Manupella v Troy City Zoning Bd. of Appeals at 763-764; Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol, 163 AD2d 715, 716-717 [1990], affd on op below 78 NY2d 935 [1991]). Although the jurisdictional finding was rarely made explicit in those decisions, such was a predicate to dismissal. CPLR 1001 (b) makes clear that, where a necessary party “has not been made a party and is subject to the jurisdiction of the court, the court shall order him summoned” (emphasis added). Only where a court lacks jurisdiction over a party except “by his consent or appearance” is it determined whether the action or proceeding should be dismissed (CPLR 1001 [b]).
The assumption that the expiration of the statute of limitations deprived a court of jurisdiction over unjoined parties, however, has been undermined of late. In a recent Court of Appeals case, that court notably declined to decide whether a necessary party, “by virtue of the lapsed statute of limitations, [was] subject to, or beyond, the ‘jurisdiction’ of the court as the term is used in CPLR 1001” (Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 459 [2005]). The Appellate Division, Third Department, then revisited its previous decisions on the subject. That court made it clear that “[a] statute of limitations does not deprive a court of jurisdiction nor even a litigant of a substantive right, but is merely a defense which may, if properly asserted, deprive a plaintiff of any remedy from a defendant” *177 (Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104 [2007]). As a result, that court held that the trial court erred in dismissing the proceeding for failure to join a necessary party and directed that the necessary party be joined, at which time it could raise any defenses it may have (see id. at 1105).
The court is painfully aware, as was the Third Department, that there are “practical difficulties” in such a construction of CPLR 1001 (id. at 1104). Indeed, it seems that the outcome could well be the distinctly impractical one of joining parties who promptly move to dismiss the petition as time-barred. Regardless, this circuitous route appears to be the one contemplated by CPLR 1001 given that the court has jurisdiction over unjoined parties after the statute of limitations has run. The court is constrained to direct that Cortland Forrence, Thomas Powers, Roger Bonner and Peter Glushko be joined as respondents. The petitioner is directed to serve those individuals with the initiatory papers. The court will adjourn this petition to December 7, 2007 to allow time for service.
Ordered that the respondent’s motion to dismiss the petition is denied, that Cortland Forrence, Thomas Powers, Roger Bonner and Peter Glushko be joined as respondents and that the petitioner serve those individuals with the initiatory papers. Any relief requested which is not specifically granted herein is denied, and no motion costs are awarded to any party.