■ In the Matter of FRED ALEXY et al., Appellants, v HELEN C. OTTE, as Assessor of the Town of Queensbury, et al., Respondents. [871 NYS2d 741]—

Malone Jr., J. Appeal from a judgment of the Supreme Court (Aulisi, J.), entered July 2, 2007 in Warren County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In November 2005, petitioners, all real property owners in the Town of Queensbury, Warren County, commenced this CPLR article 78 proceeding against respondents Town of Queensbury and Helen C. Otte, the Town's Assessor, seeking to annul the 2005 tax assessment roll as arbitrary, capricious and made in violation of the law. In lieu of answering, respondents moved to dismiss the petition, asserting that petitioners failed to join Warren County, the Lake George Central School District and the Queensbury Union Free School District as necessary parties prior to the expiration of the relevant statute of limitations period, and that petitioners failed to properly commence the proceeding inasmuch as the notice of petition served by petitioners lacked a return date. Supreme Court granted the motion on the basis that necessary parties were not joined, and petitioners appeal.

The County and the school districts are necessary parties inasmuch as they "might be inequitably affected by a judgment" in this proceeding (CPLR 1001 [a]). Pursuant to CPLR 1001 (b), if an absent necessary party is subject to the jurisdiction of the court it must be joined and, if the absent party is not subject to jurisdiction, the court must consider the enumerated statutory factors before deciding whether to dismiss the action or proceeding or to continue in its absence. The Court of Appeals recently clarified that the expiration of a limitations period does not deprive the court of jurisdiction over an absent necessary party but, rather, may provide that party with a defense to the action or proceeding (*see Windy Ridge Farm v*

*Assessor of Town of Shandaken*, 11 NY3d 725, 726-727 [2008]; *see also Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d 1102, 1104-1105 [2007]). Thus, inasmuch as the County and school districts were subject to the court's jurisdiction, Supreme Court here was required to order petitioners to summon them, without consideration of the discretionary factors (*see* CPLR 1001 [b]; *Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d at 727; *Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d at 1105).

Finally, to the extent that respondents contend that the proceeding was improperly commenced due to petitioners' failure to include a return date on the notice of petition served on them, such contention is without merit inasmuch as the commencement of the proceeding was properly effected by petitioners' filing of the petition alone (*see* CPLR 304 [a]).

Cardona, P.J., Mercure and Lahtinen, JJ., concur; Spain, J., not taking part.

Ordered that the judgment is reversed, on the law, without costs, motion denied, Warren County, the Lake George Central School District and the Queensbury Union Free School District are joined as respondents, petitioners are ordered to serve the notice of petition and petition within 20 days of the date of this Court's decision, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.