■ In the Matter of DALE GLEASON et al., Appellants, v TOWN OF CLIFTON PARK PLANNING BOARD et al., Respondents, et al., Respondent. [933 NYS2d 919]—

Malone Jr., J.

Petitioners commenced this CPLR article 78 proceeding to challenge a determination of respondent Town of Clifton Park Planning Board that approved respondent Chris Semenza's application to subdivide property owned by Evalyon M. Bartlett, as trustee of the Mericle Family Trust. Although petitioners properly served process on the Planning Board and Semenza, they improperly named the "Estate of Evalyon M. Bartlett"—rather than Bartlett as trustee—as a party and attempted to serve a copy of the petition and notice of petition to Semenza's attorney, requesting that he accept it on behalf of the "Estate." Semenza's counsel refused to accept service and Bartlett was never served. Thereafter, the Planning Board filed an answer and, in lieu of answering, Semenza moved to dismiss the petition alleging that Bartlett was a necessary party to the proceeding and petitioners had failed to join her prior to the expiration of the statute of limitations. The Planning Board then joined in Semenza's motion. Finding that Bartlett was not "united in

interest" with the other respondents, Supreme Court granted the motion. Petitioners appeal and we now reverse.

As trustee of the Mericle Family Trust, Bartlett was the titled owner of the subject property (*see Henning v Rando Mach. Corp.*, 207 AD2d 106, 110 [1994]; *see generally* 106 NY Jur 2d, Trusts §§ 7, 16) and, as such, was a necessary party to this proceeding (*see e.g. Matter of O'Connell v Zoning Bd. of Appeals of Town of New Scotland*, 267 AD2d 742, 743 [1999], *lv dismissed and denied* 94 NY2d 938 [2000]; *Matter of Tecler v Lake George Park Commn.*, 261 AD2d 690, 691 [1999], *lv denied* 94 NY2d 751 [1999]). It is well settled that, if a necessary party "has not been made a party and is subject to the jurisdiction of the court, the court *shall* order him [or her] summoned" (CPLR 1001 [b] [emphasis added]; *see Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]; *Matter of Alexy v Otte*, 58 AD3d 967, 967 [2009]). Here, although the record indicates that Bartlett was, and may still be, a resident of Georgia, she is nevertheless subject to the jurisdiction of the court by virtue of her ownership of the subject property (*see* CPLR 302 [a] [4]). Inasmuch as Bartlett was subject to jurisdiction, and the record does not establish that she was ever properly served by petitioners, instead of dismissing the petition, Supreme Court was required to "order [her] summoned" (CPLR 1001 [b]; *see Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d 1102, 1105 [2007]).

In light of the foregoing, we need not address petitioners' contention that Supreme Court should have joined Bartlett as a party on the basis that she was united in interest with the other respondents (*see* CPLR 203).

Mercure, A.P.J., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the corrected judgment is reversed, on the law, without costs, motion denied, Evalyon M. Bartlett, as trustee of the Mericle Family Trust, is joined as respondent, petitioners are ordered to serve the notice of petition and petition within 20 days of the date of this Court's decision, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.