In the Matter of EARL WHITE, Respondent, v COUNTY OF SULLIVAN, Appellant. [957 NYS2d 468]—

McCarthy, J.

Petitioner commenced a prior CPLR article 78 proceeding challenging respondent's denial of benefits. In March 2010, Supreme Court concluded that respondent's determination was arbitrary and capricious, and granted the petition to the extent of remanding the matter and directing respondent to hold a hearing. Following a hearing, a Hearing Officer determined, among other things, that petitioner had established his eligibility to receive General Municipal Law § 207-c benefits beginning at the time of his injury in June 2009, but that he was able to resume light duty work in February 2011. The Hearing Officer also found that petitioner's eligibility for benefits ended as of July 24, 2009 due to his refusal to cooperate with respondent's attempts to file retirement paperwork on his behalf. Respondent adopted the Hearing Officer's determination.

Meanwhile, the Sheriff preferred charges of misconduct

against petitioner pursuant to Civil Service Law § 75, based on his refusal to sign retirement forms. Following a hearing, the Sheriff adopted the recommendations of a Hearing Officer, finding petitioner guilty of misconduct and imposing a penalty of termination effective in January 2011.

Petitioner commenced this proceeding challenging the two determinations, one denying him benefits pursuant to General Municipal Law § 207-c and the other finding him guilty of misconduct and terminating his employment. In September 2011, Supreme Court partially granted the petition, vacated that part of respondent's determination concerning petitioner's ineligibility for benefits after July 2009, and vacated his termination. Respondent appeals.

The Sheriff was a necessary party to the portion of the proceeding challenging his determination pursuant to Civil Service Law § 75. A sheriff is a constitutionally-authorized, elected official (*see* NY Const, art XIII, § 13; County Law § 400 [1]), who has been statutorily provided with the authority to hire his or her own staff (*see* County Law § 652 [2]). Although Supreme Court held in its March 2010 decision that the Sheriff was not a necessary party, the 2010 proceeding only addressed respondent's initial General Municipal Law § 207-c determination. The current proceeding also addresses a determination, made by the Sheriff himself, to discipline a member of his staff pursuant to Civil Service Law § 75. As "a court may not adjudicate a dispute raised in a CPLR article 78 proceeding unless the governmental agency [or official] which performed the challenged action is a party thereto" (*Matter of McNeill v Town Bd. of Town of Ithaca*, 260 AD2d 829, 830 [1999], *lv denied* 93 NY2d 812 [1999]; *see Matter of Brancato v New York State Bd. of Real Prop. Servs.*, 7 AD3d 865, 867 [2004]), the Sheriff was a necessary party to the portion of the proceeding challenging his determination pursuant to Civil Service Law § 75 (*see* CPLR 1001 [a]). Because he is subject to the court's jurisdiction, we now join the Sheriff as a respondent and order that he be summoned by petitioner, as is statutorily required (*see* CPLR 1001 [b]; *Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 727 [2008]; *Matter of Gleason v Town of Clifton Park Planning Bd.*, 90 AD3d 1205, 1206 [2011]; *Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d 1102, 1105 [2007]). We also remit that portion of the proceeding to Supreme Court, where the Sheriff may appear and raise any defenses that are available to him (*see Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d at 1105).

On the other hand, Local Law No. 1 (1989) of the County of

Sullivan (hereinafter Local Law No. 1) gives respondent's insurance administrator the "exclusive authority" to make determinations of eligibility for General Municipal Law § 207-c benefits for Sheriff's Department staff (Local Law No. 1 § 206; *see* Local Law No. 1 § 210). As the Sheriff did not make the decision denying those benefits, he is not a necessary party to the portion of this proceeding challenging such denial. Accordingly, we now address that portion of the determination.[1]

General Municipal Law § 207-c provides benefits to police officers injured in the performance of their duties. Those benefits include the full amount of salary or wages while the officer is not working, either until the disability has ceased or the officer is granted a disability retirement; full salary while the officer is working but performing only light duty, after medically cleared to perform specified light police duty; and medical treatment necessitated by the work-related injury (*see* General Municipal Law § 207-c [1], [2], [3]; *see also* Local Law No. 1 §§ 103 [g]; 301, 303). Payment of the full salary "shall be discontinued" for any officer "who is permanently disabled" as a result of the injury occurring in the performance of his or her duties if that officer is granted a disability retirement (General Municipal Law § 207-c [2]; *see* Local Law No. 1 § 503). Pursuant to the statute, if the officer does not apply for a disability retirement, the head of the police force may apply on behalf of the officer (*see* General Municipal Law § 207-c [2]). Respondent, however, has its own local law, incorporated into the collective bargaining agreement with petitioner's union, governing its procedure for compliance with General Municipal Law § 207-c (*see* Local Law No. 1). Pursuant to Local Law No. 1, if respondent's insurance administrator determines that an officer is permanently disabled, the administrator "shall" notify respondent's personnel officer, who then "shall request that the [officer] make application for" a disability retirement (Local Law No. 1 § 210). "If application for such retirement is not made by the [officer], application therefor[ ] may be made by the Sheriff or [p]ersonnel [o]fficer" (Local Law No. 1 § 210).

Initially, respondent's August 2009 letter denying petitioner benefits did so based on a lack of medical proof, without

1. Although petitioner invoked the arbitrary and capricious standard of review, the petition raised issues of substantial evidence as the determinations being challenged were rendered after mandatory hearings (*see* CPLR 7803 [4]). Thus, after addressing the joinder issue, the proceeding should have been transferred to this Court rather than decided on the merits by Supreme Court (*see* CPLR 7804 [g]). We will "treat the matter as having been properly transferred and decide the substantial evidence issue de novo" (*Matter of Brunner v Bertoni*, 91 AD3d 1100, 1101 n [2012]).

mentioning petitioner's refusal to sign retirement documents. The Hearing Officer found that medical proof did exist, rejecting the basis relied upon by respondent for denial, and respondent is not now challenging that finding. Respondent should not be permitted to create or rely upon different reasons for the denial that were not raised and stated at the time of that denial; "judicial review of an administrative determination is limited to the grounds presented by the agency at the time of its determination" (*Matter of Scanlan v Buffalo Pub. School Sys.*, 90 NY2d 662, 678 [1997]; *see Matter of Home Depot U.S.A., Inc. v New York State Pub. Serv. Commn.*, 55 AD3d 1111, 1114 [2008]; *Matter of Lippman v Public Empl. Relations Bd.*, 296 AD2d 199, 207-208 [2002], *lv denied* 99 NY2d 503 [2002]).[2]

Even if respondent were permitted to rely on petitioner's refusal to sign retirement documents despite not having included that reason in its denial letter, respondent concedes that its personnel officer never requested of petitioner that he apply for a disability retirement. Respondent argues that petitioner should forfeit his right to benefits due to his alleged noncompliance with Local Law No. 1 § 210, but respondent itself did not comply with that same section of the law. Additionally, in July 2009, respondent's insurance administrator apparently did not consider petitioner permanently disabled due to the injury sustained in the performance of his duties, as she had not rendered a determination as to whether petitioner was entitled to General Municipal Law § 207-c benefits at that time. Yet the statute and Local Law No. 1 contemplate that applications for disability retirement may be made on behalf of an employee only after it is determined that the employee will not be able to return to work due to disability, thereby allowing the municipality to limit its liability where the disabled employee is eligible for some form of disability pension (*see* General Municipal Law § 207-c [2]; Local Law No. 1 § 210; *see also Matter of De Novio v County of Schenectady*, 293 AD2d 101, 103 [2002], *lv denied* 98 NY2d 607 [2002]). As respondent did not establish that the conditions precedent under Local Law No. 1 were met—namely, that the insurance administrator determined that petitioner was permanently disabled, that she notified the personnel officer, who then requested of petitioner that he file for disability retirement, and that petitioner refused that request (*see* Local Law No. 1 § 210)—substantial evidence does

---

**2.** Respondent also asserts that Retirement and Social Security Law § 605 provides an alternate basis upon which it could apply for retirement benefits on petitioner's behalf, but respondent did not make an application pursuant to that section.

not support respondent's determination denying petitioner's request for benefits pursuant to General Municipal Law § 207-c. Accordingly, we grant that portion of the petition to the extent of annulling respondent's determination finding petitioner ineligible for General Municipal Law § 207-c benefits as of July 2009.

We also agree with Supreme Court's finding that respondent's directive that petitioner return to light-duty employment as of February 2011 was arbitrary and capricious. Thus, petitioner is entitled to General Municipal Law § 207-c benefits beginning at the time of his injury in June 2009. No end period for those benefits has been established, as that may depend on the outcome of the remittal regarding the Sheriff's termination of petitioner's employment.

Rose, J.P., Lahtinen, Spain and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as vacated petitioner's termination by the Sullivan County Sheriff; join the Sheriff as a respondent, petitioner is ordered to serve the initiatory papers within 20 days of the date of this Court's decision, and the portion of the proceeding challenging the Civil Service Law § 75 determination is remitted to Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.