Peters, P.J., Egan Jr., Lynch and Rumsey, JJ., concur. Ordered that the decision is affirmed, without costs.

■ In the Matter of ROBERT FARRELL et al., Appellants, v CITY OF KINGSTON, Respondent. [69 NYS3d 364]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (Cahill, J.), entered November 30, 2016 in Ulster County,

which, in a combined proceeding pursuant to CPLR article 78 and plenary action, among other things, granted respondent's motion to dismiss the petition/complaint.

Petitioners are police officers with the City of Kingston Police Department. In 2015, Shayne Gallo, respondent's then-Mayor, nominated and, thereafter, appointed petitioner Robert Farrell to the position of sergeant, to become effective January 10, 2016, and petitioner Kirk Strand to the position of lieutenant, to become effective January 3, 2016. On January 1, 2016, Steve Noble was sworn in as respondent's new mayor and, the following day, respondent's Police Citizens Advisory Board (hereinafter PCAB) was convened and voted to rescind petitioners' appointments as invalid. On February 9, 2016, Noble appointed three other officers, Richard Negron, Andrew Zell and Brian Lowe, as sergeants. Noble did not appoint anyone to the vacant lieutenant position; however, Strand and two other officers, Brian Robertson and Anthony Burkert, were the only three officers on a certification of eligibles list for this position.

In April 2016, petitioners commenced this combined CPLR article 78 proceeding and plenary action, alleging, among other things, that the PCAB's rescission of their promotional appointments should be vacated and Gallo's appointments deemed valid on the ground that respondent's Mayor possessed the sole authority to make these appointments pursuant to the City of Kingston Charter and, therefore, the PCAB was without lawful authority to rescind same. Petitioners also asserted a cause of action for discrimination pursuant to Labor Law § 201-d, alleging that respondent unlawfully discriminated against them for politically supporting Gallo. Respondent thereafter moved to dismiss the petition/complaint based on petitioners' failure to name certain necessary parties and failure to timely serve a notice of claim with respect to their discrimination cause of action. Petitioners opposed the motion and cross-moved for, among other things, leave to file a late notice of claim. Supreme Court granted respondent's motion in its entirety, dismissing petitioners' first three causes of action for failure to join certain necessary parties and dismissing petitioners' employment discrimination cause of action for failure to file a notice of claim, and denied petitioners' cross motion. Petitioners now appeal.

We find unavailing petitioners' contention that Supreme Court erred by determining that Negron, Zell, Lowe, Robertson and Burkert were necessary parties to the subject proceeding (see CPLR 1001 [a]; 1003). CPLR 1001 (a) provides, in relevant part, that any individual or entity who might be inequitably

affected by a judgment in a proceeding, or who ought to be a party if complete relief is to be accorded between those who are parties to the proceeding, shall be named as a necessary party (*see Matter of Morgan v de Blasio*, 29 NY3d 559, 560 [2017]; *Matter of Hearst Corp. v New York State Police*, 109 AD3d 32, 36 [2013]). Here, should Farrell successfully obtain an annulment of the rescission of his appointment as sergeant and be reinstated to that position, either Negron, Zell or Lowe stand to be displaced from their promotional appointment to sergeant. Similarly, should Strand successfully obtain an annulment of the rescission of his appointment to lieutenant and be reinstated to that position, Burkert and Roberston, as two of the top three candidates listed for promotion to the position of lieutenant (*see* Civil Service Law § 61), would lose their right to consideration for that post. Accordingly, to the extent that Negron, Zell, Lowe, Robertson and Burkert all stand to be inequitably affected by any judgment rendered in the underlying proceeding, they are clearly necessary parties (*see* CPLR 1001 [a]; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Pataki*, 259 AD2d 826, 827-828 [1999], *lv dismissed and denied* 93 NY2d 993 [1999]; *Matter of Mount Pleasant Cottage School Union Free School Dist. v Sobol*, 163 AD2d 715, 716 [1990], *affd* 78 NY2d 935 [1991]).

Supreme Court erred, however, by determining that petitioners' failure to name Negron, Zell, Lowe, Robertson and Burkert as necessary parties required dismissal of the first three causes of action in the petition/complaint (*see* CPLR 1001 [b]; 3211 [a] [10]). CPLR 1001 (b) provides that where a party or parties who should be joined have "not been made a party and [are] subject to the jurisdiction of the court, the court shall order [them] summoned" (*see Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d 725, 726-727 [2008]; *Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d 1102, 1105 [2007]). Because Negron, Zell, Lowe, Robertson and Burkert are necessary parties and are subject to Supreme Court's jurisdiction insofar as they were employees of the City of Kingston Police Department at the time of commencement of this proceeding, the court should have ordered them joined (*see* CPLR 1001 [b]; *Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d at 1105). Accordingly, we find that this matter must be remitted to Supreme Court to order Negron, Zell, Lowe, Robertson and Burkert to be joined as necessary parties (*see* CPLR 1001 [b]; *Windy Ridge Farm v Assessor of Town of Shandaken*, 11 NY3d at 727; *Matter of Romeo v New York State Dept. of Educ.*, 41 AD3d at 1105; *see also* CPLR 401, 1003).

We find no error, however, in Supreme Court's dismissal of

petitioners' employment discrimination claim based upon their failure to comply with the notice of claim condition precedent imposed by respondent's charter (*see* City of Kingston Charter § C17-1 [C]). Respondent's charter requires service of a notice of claim on respondent's Common Council as a condition precedent to the commencement of any "civil action for damages or injuries to person or . . . invasion of personal or property rights of any name or nature whatsoever . . . arising at law or in equity, alleged to have been caused or sustained . . . by or because of any . . . wrongful act . . . misfeasance or negligence on the part of [respondent] . . . within 90 days after the happening of the accident or injury or the occurrence of the act . . . [out] of which . . . the claim arose" (City of Kingston City Charter § C17-1 [C]). Accordingly, respondent's broad notice of claim requirements apply to petitioners' discrimination claim (*cf. Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814, 816-817 [2006]). Moreover, inasmuch as respondent's charter predates enactment of the provisions set forth in General Municipal Law § 50-e (4) and was not expressly superceded or repealed thereby, nor inconsistent therewith, the applicable notice of claim condition remains valid and enforceable (*see generally Sullivan v City of Watervliet*, 285 App Div 179, 181 [1954]). To the extent not specifically addressed herein, petitioners' remaining claims have been reviewed and found to be without merit.

McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as granted respondent's motion to dismiss the first three causes of action; motion denied to said extent and matter remitted to the Supreme Court to permit respondent to serve an answer within 20 days of the date of this Court's decision and for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.