Matter of Nemeth v K-Tooling (2018 NY Slip Op 05009)





Matter of Nemeth v K-Tooling


2018 NY Slip Op 05009


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

526020

[*1]In the Matter of JOSEPH NEMETH et al., Appellants,
v
K-TOOLING et al., Respondents.

Calendar Date: June 6, 2018

Before: Devine, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Sussman and Associates, Goshen (Jonathan R. Goldman of counsel), for appellants.
Pope, Schrader & Pope, LLP, Binghamton (Alan J. Pope of counsel), for K-Tooling and another, respondents.
Coughlin & Gerhart, LLP, Binghamton (Nathan D. VanWhy of counsel), for Village of Hancock Zoning Board of Appeals, respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeals (1) from an order of the Supreme Court (Lambert, J.), entered February 8, 2017 in Delaware County, which, in a proceeding pursuant to CPLR article 78, denied petitioners' motion to require respondent Village of Hancock Zoning Board of Appeals to provide copies of transcripts, and (2) from a judgment of said court, entered February 10, 2017 in Delaware County, which granted a motion by respondents K-Tooling and Kuehn Manufacturing Co. for dismissal of the petition.
The facts of this case are more fully set forth in two prior appeals that have come before this Court in related matters (Matter of Nemeth v Village of Hancock Zoning Bd. of Appeals, 127 AD3d 1360, 1361-1365 [2015]; Nemeth v K-Tooling, 100 AD3d 1271, 1272-1276 [2012]). Respondents K-Tooling and Kuehn Manufacturing Co. (hereinafter collectively referred to as the Kuehn respondents) operate manufacturing businesses from a residentially-zoned property in the Village of Hancock, Delaware County (hereinafter the subject property). Rosa Kuehn owns Kuehn Manufacturing Co. and the subject property, whereas Perry Kuehn, her son, owns K-Tooling. In 2001, an 800-square foot addition was constructed on the subject property, which the Kuehn respondents and Rosa Kuehn use for manufacturing operations pursuant to a use variance [*2]issued by respondent Village of Hancock Zoning Board of Appeals (hereinafter ZBA) in 2016, prompting petitioners to commence the instant CPLR article 78 proceeding to annul that determination. The Kuehn respondents joined issue, raised various affirmative defenses and moved for dismissal of the petition on the ground that Rosa Kuehn was not named as a necessary party. Subsequent to the ZBA producing a certified record of the proceedings, Supreme Court, by order entered February 8, 2017, denied a motion by petitioners to, among other things, compel the ZBA to provide transcripts of the public hearings at which the use variance application was considered. Thereafter, the court granted a motion by the Kuehn respondents for dismissal of the petition on the ground that Rosa Kuehn was a necessary party who was not properly joined. Petitioners now appeal.[FN1]
Supreme Court properly denied petitioners' request for an order compelling disclosure of the public hearing transcripts with respect to the use variance. Notably, although "[a] hearing transcript is necessary to review adjudicative proceedings, . . . it is not required to review decisions in administrative or quasi-legislative proceedings that were conducted to consider proposed actions of public agencies" (United States v City of New York, 96 F Supp 2d 195, 209 [ED NY 2000]). Here, although the Kuehn respondents did not furnish the public hearing transcripts, they did submit the minutes from those hearings, as well as affidavits and extensive documentary evidence, which was sufficient to necessitate meaningful review of the ZBA's determination by the court (see Matter of Argyle Conservation League v Town of Argyle, 223 AD2d 796, 798 [1996]; compare Matter of Captain Kidd's v New York State Liq. Auth., 248 AD2d 791, 792 [1998]).
Although we find that Supreme Court correctly held that Rosa Kuehn was a necessary party, it was error to dismiss the petition for failure to join her. As relevant here, "[t]he owner of real property subject to a variance challenge generally is a necessary party because the owner will be inequitably and adversely impacted if the zoning board decision were annulled" (Matter of Manupella v Troy City Zoning Bd. of Appeals, 272 AD2d 761, 763 [2000]). Here, there is no dispute that Rosa Kuehn owns both the subject property and Kuehn Manufacturing Co. and was listed on the application for a use variance. Despite petitioners' argument that Rosa Kuehn's interests are adequately represented by Kuehn Manufacturing Co., "the possibility that a judgment rendered without the omitted party could have an adverse practical effect on that party is enough to indicate joinder" (Hitchcock v Boyack, 256 AD2d 842, 844 [1998] [internal quotation marks, brackets and citation omitted]). Therefore, the court properly concluded that, as the owner of the subject property, Rosa Kuehn could be inequitably effected by the judgment and, as such, is a necessary party.
After finding that Rosa Kuehn was a necessary party, however, Supreme Court improperly concluded that it did not have jurisdiction over her due to expiration of the applicable statute of limitations. To the contrary, the court had jurisdiction over her by virtue of her ownership of the subject property (see CPLR 302 [a] [4]), and such jurisdiction was unaffected [*3]by her potential statute of limitations defense (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727 [2008])[FN2]. Therefore, the proper procedure was for the court to order Rosa Kuehn summoned and to allow Rosa Kuehn and the Kuehn respondents to raise any defenses that they might have (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d at 727; Matter of Jenkins v Astorino, 110 AD3d 882, 885 [2013]; Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104 [2007]). Accordingly, this matter must be remitted to Supreme Court to order Rosa Kuehn to be joined as a necessary party (see Matter of Farrell v City of Kingston, 156 AD3d 1269, 1271 [2017]).
Devine, J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the appeal from the order entered February 8, 2017 is dismissed, without costs.
ORDERED that the judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1:As no appeal as of right lies from an intermediate order in a CPLR article 78 proceeding, petitioners' appeal from the February 2017 order must be dismissed (see Matter of County of Oswego v Travis, 16 AD3d 733, 734 n [2005]). Nevertheless, the appeal from the final judgment brings up for review this order (see id.).

Footnote 2:The Court of Appeals expressly adopted this Court's jurisdictional analysis in Matter of Romeo v New York State Dept. of Educ. (41 AD3d 1102 [2007]) relating to the statute of limitations defense.