Arrigo v DiNapoli (2022 NY Slip Op 02845)

Arrigo v DiNapoli

2022 NY Slip Op 02845

Decided on April 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 28, 2022

532971
[*1]Robert Arrigo, Appellant,
v
Thomas P. DiNapoli, as State Comptroller, Respondent.

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Government Justice Center, Inc., Albany (Cameron J. Macdonald of counsel), for appellant.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the Supreme Court (McDonough, J.), entered January 8, 2021 in Albany County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Pursuant to matching provisions in the NY Constitution, the annual salaries of the Governor and Lieutenant Governor are "fixed by joint resolution of the [S]enate and [A]ssembly" (NY Const, art IV, §§ 3, 6). In April 2019, the Legislature passed a concurrent resolution increasing the Governor's and Lieutenant Governor's annual salaries retroactive to January 1, 2019 (hereinafter the concurrent resolution). The concurrent resolution also provided that those officials would receive two additional increases to their annual salaries on January 1, 2020 and January 1, 2021 but conditioned each increase "upon the timely legislative passage of the budget for the preceding year" (see L 2018, ch 59, § 1, part HHH, § 2 [4]; see also Legislative Law § 5 [3]).
Plaintiff, a resident and taxpayer of this state, commenced this action pursuant to State Finance Law §§ 123-b and 123-e, alleging that the concurrent resolution ran afoul of NY Constitution, article XIII, § 7, which provides that "[e]ach of the state officers named in this constitution shall, during his or her continuance in office, receive a compensation, to be fixed by law, which shall not be increased or diminished during the term for which he or she shall have been elected or appointed; nor shall he or she receive to his or her use any fees or perquisites of office or other compensation." Plaintiff sought an order (1) declaring that the concurrent resolution was "null and void" for having violated the NY Constitution, (2) permanently enjoining defendant from paying the Governor and Lieutenant Governor the rates set by the concurrent resolution, and (3) awarding him counsel fees and costs. Defendant's answer asserted, among other things, that plaintiff failed to join the Governor and Lieutenant Governor as necessary parties and requested that Supreme Court dismiss the complaint or declare that the concurrent resolution "ha[d] not been shown to be unconstitutional."
Defendant moved for summary judgment dismissing the complaint and for such a declaration or, in the alternative, joinder of necessary parties. Plaintiff cross-moved for summary judgment. Supreme Court granted defendant summary judgment dismissing the complaint, issued the declaration requested by defendant, and denied plaintiff's cross motion. Plaintiff appeals.
We first address the joinder issue. CPLR 1001 (a) provides that "[p]ersons . . . who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants." When such a person "has not been made a party and is subject to the jurisdiction of the court, the court shall order him [or her] summoned" (CPLR 1001 [b]). This requirement protects the right to due process by providing such a person the opportunity to be heard before his or her interests [*2]are adversely affected (see Matter of Martin v Ronan, 47 NY2d 486, 490 [1979]; Mahinda v Board of Collective Bargaining, 91 AD3d 564, 565 [2012]; Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., 302 AD2d 155, 160 [2002]). Parties may be added by leave of court at any stage of the action (see CPLR 1003), including, "in the first instance, on appeal" (Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan, 86 AD2d 100, 105 [1982], affd on opinion below 60 NY2d 882 [1983]).
The Governor and Lieutenant Governor have an interest in their own salaries (see e.g. Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Pataki, 259 AD2d 826, 827-828 [1999], lv dismissed and denied 93 NY2d 993 [1999]; Matter of McGuinn v City of New York, 219 AD2d 489, 490 [1995], lv dismissed and denied 87 NY2d 966 [1996]; Matter of Cassidy v New York City Dept. of Correction, 95 AD2d 733, 734-735 [1983]; Matter of Serth v New York State Dept. of Transp., 79 AD2d 801, 802 [1980]).[FN1] Although those salaries are subject to change, CPLR 1001 does not speak of, and is not limited to, vested rights or interests (see Matter of Basha Kill Area Assn. v Town Bd. of Town of Mamakating, 302 AD2d 662, 664 [2003]; Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., 302 AD2d at 160). The interests of the Governor and Lieutenant Governor could be inequitably affected if we declare that the concurrent resolution is void and enjoin defendant from paying their salaries at the rates set in that resolution (see Matter of Jim Ludtka Sporting Goods, Inc. v City of Buffalo School Dist., 48 AD3d 1103, 1104 [2008], lv denied 11 NY3d 704 [2008]; Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104 [2007]; Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth., 18 AD3d 1103, 1104 [2005], lv denied 5 NY3d 712 [2005]; Matter of Basha Kill Area Assn. v Town Bd. of Town of Mamakating, 302 AD2d at 664). "[T]he possibility that a judgment rendered without the omitted party could have an adverse practical effect on that party is enough to indicate joinder" (Matter of Nemeth v K-Tooling, 163 AD3d 1143, 1144 [2018] [internal quotation marks and citations omitted]; see Matter of 27th St. Block Assn. v Dormitory Auth. of State of N.Y., 302 AD2d at 160).
Contrary to plaintiff's argument, the interests of the Governor and Lieutenant Governor are not necessarily being represented or protected by defendant and his counsel — the Attorney General, who would also typically represent those other state officials (see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO v Pataki, 259 AD2d at 828). We cannot determine whether the Governor and Lieutenant Governor will necessarily support and integrate defendant's argument that the resolution is constitutional; indeed, they may argue against its constitutionality, to establish precedent that would prevent a potential future intra-term diminution of their [*3]salaries. Accordingly, and as the Governor and Lieutenant Governor are subject to its jurisdiction, Supreme Court should have granted defendant's request that those officers be joined as necessary parties and ordered them summoned (see CPLR 1001 [b]; 1003; Matter of Alexy v Otte, 58 AD3d 967, 967-968 [2009]; see also State Finance Law § 123-b [2] [permitting a plaintiff in an action concerning a wrongful expenditure of state funds to "join as a party defendant the recipient of such a wrongful expenditure"]).
Plaintiff has expressly limited his argument for relief to seeking a declaration that the concurrent resolution is unconstitutional and that defendant prospectively stop paying the Governor and Lieutenant Governor at the higher salary rate. However, "the fundamental duty" of defendant's office is "to 'superintend the fiscal concerns of the state'" (Matter of Martin H. Handler, M.D., P.C. v DiNapoli, 23 NY3d 239, 246 [2014] [brackets and citation omitted], quoting State Finance Law § 8 [1]); as the state's chief fiscal officer, he has "legally mandated duties to prevent unauthorized payments and overpayments" of state monies (Matter of Martin H. Handler, M.D., P.C. v DiNapoli, 23 NY3d at 247; see NY Const, art V, § 1; State Finance Law § 8 [1], [2], [2-b], [3], [7]). Considering that defendant "has long been viewed as having authority to confirm that payments already made were proper," if it were to be held that defendant had been making payments that were unconstitutional, defendant would then be authorized to recoup any state funds illegally paid (Matter of Martin H. Handler, M.D., P.C. v DiNapoli, 88 AD3d 1187, 1190 [2011], affd 23 NY3d 239 [2014]); see Matter of Signature Health Ctr., LLC v Hevesi, 13 Misc 3d 1189, 1192 [Sup Ct, Albany County 2006]). Indeed, some of the statutorily enumerated forms of relief under State Finance Law § 123-e are "a declaration that a proposed disbursement . . . would be illegal" and "restitution to the state of those public funds disbursed" (State Finance Law § 123-e [1]). Therefore, despite plaintiff's attempt to limit the relief he seeks in this action, if plaintiff is successful, defendant may seek to recoup any state monies illegally paid under the concurrent resolution retroactively, back to January 1, 2019. Thus, former Governor Andrew M. Cuomo — who was authorized to receive a salary under the concurrent resolution from January 2019 until August 2021 — may also be adversely affected and should similarly be joined as a necessary party.
Following plaintiff's service of the initiatory papers upon the Governor, Lieutenant Governor and former Governor, they will have an opportunity to respond and raise any applicable defenses. Supreme Court will then be able to consider this action "with the benefit of participation by all necessary parties" (Matter of Romeo v New York State Dept. of Educ., 41 AD3d at 1105).
Lynch, Aarons, Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment is modified[*4], on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied and the Governor, Lieutenant Governor and former Governor Andrew M. Cuomo are joined as defendants, plaintiff is ordered to serve the summons and complaint adding said parties within 20 days of the date of this Court's decision, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: After the date of oral argument, the Lieutenant Governor resigned from office. Our decision is not affected by this development, as he still retains an interest in his salary from his time in that office. Any further references to the Lieutenant Governor should be read to include the recent occupant of that office.